UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

    Plaintiff,

v.                                                Case No.  2:18-cv-311-FtM-99CM

U.S. DEPARTMENT OF EDUCATION,
BETSY DEVOS, FLORIDA
DEPARTMENT OF EDUCATION,
NAVIENT CORPORATION, NAVIENT
SOLUTIONS, INC., EDUCATION
CREDIT MANAGEMENT CORPORATION,
PIONEER CREDIT RECOVERY, INC.,
EQUIFAX INC., EQUIFAX INFORMATION
SERVICES, LLC and DOES 1-10

    Defendants.
_____/

## DEFENDANT FLORIDA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS

NOW COMES Defendant, FLORIDA DEPARTMENT OF EDUCATION (hereinafter the "Department" or "FDE"), by and through undersigned counsel, and pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, hereby respectfully files this Motion to Dismiss the Plaintiff's Complaint (Doc. 1) for failure to state a claim upon which relief can be granted. The complaint should be dismissed because (1) the complaint is pled in such a confused, inadequate manner that the Department cannot adequately respond; (2) the Plaintiff has failed to adequately plead causes of action in all counts; (3) the Department is entitled to Eleventh Amendment Immunity; (4) the Plaintiff is not entitled to the relief requested.  In support of this Motion, the Department states as follows:

**Plaintiff's Allegations**

The Plaintiff, Sandra K. Dressler, *pro se,* filed her Complaint in this matter on May 4, 2018 (Doc. 1). The Complaint is a rambling pleading that makes no effort to differentiate which allegations apply to which Defendant and is rife with recitals of statutes without application to supporting facts. As for the Florida Department of Education, it is alleged that FDE[1] is a state agency who is a "furnisher" as codified at 15 U.S.C. ¶1681s-2, and thus is subject to the FCRA (Doc. 1, Page ID 4, ¶8). It is alleged that after the Plaintiff sent FDE a Notice of Dispute demanding validation of an account with Defendant DOE (Doc. 1, Page ID 7, ¶16), FDE "reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies" (*Id*., ¶24) and made unauthorized calls to Plaintiff's cellular telephone (*Id*., ¶25).

Never once does the Plaintiff specify what the derogatory and inaccurate information consists of. Plaintiff does not allege any actual content as to FDE's communications or alleged reporting. It is unclear what amounts were in fact disputed by the Plaintiff.

It is clear from the Complaint that the Plaintiff executed and delivered Promissory Notes to Defendants (*Id.,* Page ID 8, ¶33) but they are not attached. Plaintiff received money for her use, presumably for educational purposes. Allegedly, "Defendants", the exact defendants being unclear, called and left 25 messages on Plaintiff's cellular phone (*Id*., Page ID 8-9, ¶34). The alleged calls are purported to be "violations". Although Plaintiff seeks damages of $2,500 per violation, per month (*Id*., ¶103), Plaintiff does not allege, nor apparently know, which Defendant left each message, nor what the content of the alleged messages were. It is unclear whether or not they were default aversion calls required by 34 C.F.R. 682.411. See 34 C.F.R. 682.411(d). Some of the calls could have been placed in order to make lawful inquiries. The Complaint is

---

[1] The abbreviations used by the Plaintiff are also used in this Motion to Dismiss in order to be consistent.

vague and conclusory as to the nature of the alleged calls and as to who made the calls.

The relief that is being sought against the Department includes a permanent injunction, monetary civil penalties of up to $2,500 per violation of the FCRA which the Plaintiff incorrectly calls "equitable relief", and damages of $1,500 per violation of the TCPA totaling $37,500, although it is unclear if this amount is pursued against each defendant or against a group of defendants.

Based on the arguments and authorities set forth herein, the Plaintiff's claims should be dismissed.

## **LEGAL ANALYSIS AND MEMORANDUM OF LAW**

**Standard for a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Fed R.Civ.P. 8(a) requires that a complaint give the defendant fair notice of what plaintiff claims and the grounds supporting those claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed R.Civ.P. 8(a). Fed.R.Civ.P. 10(b) provides that a properly drawn complaint will present each claim for relief in a separate count, *with sufficient clarity and precision that the defendant is "able to discern what the plaintiff is claiming and to frame a responsive pleading." Green v. C.B. Fleet Holding Co., Inc.*, 2008 WL 113668, 2 (S.D. Fla. 2008) (emphasis added), *citing Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

"In considering a motion to dismiss, the court will accept as true all facts set forth in the plaintiff's complaint, including the pleadings and exhibits attached thereto."  *U.S. ex rel.*

*McElmurray v. Consol. Gov't of Augusta-Richmond County*, 464 F. Supp. 2d 1327, 1328 n.1 (N.D. Ga. 2006), *aff'd*, 501 F.3d 1244 (11th Cir. 2007), *citing Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006). While the allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff, *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995), the plaintiff must make more than vague and conclusory assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009).

"Bare assertions," which "amount to nothing more than a formulaic recitation of the elements" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. 664; *see also S.D. v. St. Johns County School Dist.*, 2009 WL 2381287 (M.D. Fla. 2009). Although Fed.R.Civ.P. 8 does not require the factual allegations within a complaint to be greatly detailed, it requires "*more than an unadorned, the-defendant-unlawfully-harmed-me accusation.*" *Iqbal*, 556 U.S. at 678 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Factual allegations within a complaint must be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); that is, "across the line from conceivable to plausible." *Id.* at 570. The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 *citing* Fed.R.Civ.P. 8(a)(2). Moreover, "[w]hen faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether Plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct

occurred." *Swick v. Department of Corrections*, Slip Copy, 2011 WL 772780, 1 (S.D. Fla. 2011), *citing Iqbal*, 556 U.S. at 682. It is by this plausible standard that the subject Complaint is analyzed.

Plaintiff's Complaint fails to state a claim against the Defendant Department pursuant to Fed.R.Civ.P. 12(b)(6), and is insufficiently pled, pursuant to Fed.R.Civ.P. 8(a) and 10(b), thus failing to give the Department fair and clear notice of the of the claims against the Department and the grounds supporting them. The Plaintiff failed to adequately plead causes of action in every count of the Complaint. Even if the Complaint were proper, Eleventh Amendment Immunity bars the claims against the Department.

**Eleventh Amendment Immunity Bars the FDCPA and the FCRA Claims**

A Complaint is subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne,* 326 F.3d 1352,1357 (11th Cir. 2003); see also *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). Once the affirmative defense is advanced, unless the Plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *Id.* Absent such allegation, it is appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage. *Cottone v. Jenne*, at 1357 citing *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

In the instant case, Eleventh Amendment Immunity bars recovery on the Plaintiff's claims against the State of Florida's Department of Education. Absent its consent, a state may not be sued in federal court unless Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity by exercising its power with respect to rights protected by the Fourteenth Amendment. *DeKalb County School District v. Schrenko*, 109 F.3d 68, 688 (11th

Cir. 1997) citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

In the case of *Sorrell v. Illinois Student Assistance Commission*, 314 F.Supp.2d 813 (U.S. Dist. Court, C.D. Illinois (2004), a student loan debtor brought a *pro se* action for violation of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA) against the Illinois Student Assistance Commission, a state agency which served as a collection agency for payment of its student loans.  The State's agency moved to dismiss on grounds that Congress has not unequivocally expressed its intent to abrogate the State's sovereign immunity under the FDCPA or the FCRA.  Because the Defendant was a State agency regulated by State statute, the Plaintiff's claims were against the State and are barred by the Eleventh Amendment.  The Court noted an Arizona appellate opinion (unpublished) which held that a plaintiff's FDCPA claims were barred by the Eleventh Amendment (*Codar, Inc. v. State of Arizona*, 168 F.3d 498, 1999 WL 50904 (9th Cir. 1999).  The appellate court determined that Arizona had not waived its immunity, and the FDCPA did not abrogate the State's immunity, so the Eleventh Amendment barred the complaint.  Thus, the Court in *Sorrell* held as a matter of law that the Plaintiff's claims pursuant to the FDCPA are barred by the Eleventh Amendment, and they were dismissed.  The Court in *Gillert v. U.S. Department of Education*, 2010 WL 3582945, at *4 (W.D. Ark. Sept. 7, 2010) confirms that FCRA contains no effective waiver of sovereign immunity.

As for the FCRA claims, the Court in *Sorrell* held them to be barred by the Eleventh Amendment as well and dismissed them following a different analysis.  The opinion set forth the language at that time in 15 U.S.C. §1681s(a)(2)(A) of the FCRA, stating "[T]he Commission may commence a civil action to recover a civil penalty in a district court of the United States against any person that violates this subchapter."  The word "person" means any individual,

partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. 15 U.S.C. §1681(b). The definition of "person has not changed. 15 U.S.C. 1681a(b). The Court decided that even if the definition of "person" arguably could encompass a State pursuant to this statute, such an inference is not an unequivocal expression of Congress's intent to abrogate the State's sovereign immunity (*Sorrell*, at 817; see also *Gillert*). The Court noted an unreported case in New York which held that because Congress enacted the FCRA pursuant to its Commerce Clause power – instead of its power under section 5 of the Fourteenth Amendment – it lacked the authority to abrogate a State's sovereign immunity through that statute ( *O'Diah v. New York City*, 2002 WL 1941179, at 6 (S.D.N.Y. 2002) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 59 (1996)(Congress's intent to abrogate must be obvious based on clear legislative statement). See also *Richmond v. TRW Info Services Div.,* 1997 WL 1037886, at 4 (S.D.Cal.1997) (dismissing the plaintiff's FCRA claims because there was no indication that California waived or Congress abrogated the State's immunity). The Court followed the same rationale and held that Plaintiff Sorrell's claims pursuant to the FCRA are barred by the Eleventh Amendment.

Eleventh Amendment immunity confers immunity from suit, not just from liability. In the instant case, the Plaintiff cannot demonstrate any waiver by Congress or the State of Florida of its Eleventh Amendment immunity. The Florida Department of Education has not waived its immunity from suit under the Eleventh Amendment. Florida Statutes §768.28(18). Neither the FDCPA nor the FCRA abrogate Florida's immunity. Accordingly, Plaintiff's claims brought against the Defendant Department are barred by Eleventh Amendment immunity and dismissal is appropriate.

**Plaintiff failed to state a cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA") in Count 3**

As argued above, the Department's position is that the Plaintiff's FDCPA and FCRA claims are barred by Eleventh Amendment Immunity. Should the Court wish to address the Department's alternative bases for dismissal for supposed violation of the FDCPA, the Plaintiff failed to adequately plead a cause of action upon which relief can be granted. To establish a claim under the FDCPA, the plaintiff must demonstrate that: (1) he or she has been the object of collection activity arising from a consumer debt; (2) defendant is a debt collector as defined by the statute; and (3) defendant has engaged in an act or omission prohibited by the FDCPA. *Eke v. Firstbank Fla.,* 779 F.Supp. 2d 1354, 1357 (S.D. Fla. 2011). *Bentley v. Bank of Am., N.A.,* 773 F. Supp 2d 1367 (S.D. Fla. 2011).

Here, Plaintiff fails to reference specifically which facts, from the jumbled assertions made in the previous 50 paragraphs, constitute violations. The Plaintiff states the Defendants – five altogether – in connection with the collection of a debt, directly or indirectly used false, deceptive, or misleading representations or means in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, including failure to communicate to the CRA (Credit Reporting Agencies) that the debt is disputed in violation of Section 807(8) of the FDCPA, 15 U.S.C. §1692e(8). (Doc. 1, Page 12, ¶52). Plaintiff's bare allegations are insufficient to state a claim adequately, and on this basis should be dismissed, as they fail to plead a cause of action to such a great extent that the Defendant Department cannot possibly defend itself.

**Plaintiff failed to state a cause of action for breach of contract in Count 7**

The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *Schiffman v. Schiffman*, 47 So.3d 925, 927 (Fla. 3d DCA 2010). A party's

failure to perform must go to the essence of the contract to constitute a material breach. *Sublime Inc. v. Boardman's Inc.*, 849 So.2d 470, 471 (Fla. 4th DCA 2003). Here, the Plaintiff failed to meet the most basic pleading requirements. Foremost, the Plaintiff never specifically identifies, nor attaches, the contract upon which this count is supposedly based. Rather, Plaintiff only states that Defendants DOE, DEVOS and FDE "breached the alleged contract by not disclosing the fact that it will / did not use its own money, committing *ultra vires*. This act constitute fraud. Fraud vitiates the most solemn contract." Given that Plaintiff has not identified or attached the written contract upon which she claims to base this Count, it is impossible for the Defendant Department to defend itself. Plaintiff refers to three different defendants and accuses them of failure to invest their money within the context of their alleged debt collection activities. The allegations are pled so inadequately that they could not possibly be interpreted to show a material breach which goes to the essence of a specific contract. Thus, Plaintiff has failed to adequately plead the elements necessary to state a cause of action, and Count 7 must be dismissed.

**<u>Plaintiff failed to state a cause of action for fraud in Count 7</u>**

Plaintiff claims fraud against three Defendants including the Department. Rule 9(b) of Civil Procedure requires that, in alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. The particularity rule serves the important purpose of alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of fraudulent behavior. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1209-10 (11th Cir. 2001) (citing *Durham v. Bus. Magmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988). Rule 9(b) is complied with if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made,

and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1371 (11th Cir. 1997). In other words, a plaintiff must adequately specify the fraudulent statements plaintiff claims he/she relied upon, including the location, time frame, and identity of those responsible for making the statements. *Goldman v. Belden,* 754 F.2d 1059, 1069-70 (2d Cir. 1985); *DiVittorio v. Equidyne Extractive Indus., Inc*., 822 F.2d 1242, 1247 (2d Cir. 1987).

Plaintiff clearly failed to meet the pleading standards required for a fraud claim. Plaintiff does not state a single actual date, time, place, or manner upon which any certain misrepresentation or omission was made. Rather, a sweeping generalization that the collective Defendants did not provide their own money, thus breached "the alleged contract" by not disclosing same, thus "committing ultra vires", thus constituting fraud, is alleged. This is blatantly insufficient. Furthermore, various Defendants are grouped together in Count 7 and the Plaintiff never specifies which certain individual employee or representative she claims made the false statements or omissions. The complete lack of effort in pleading this claim warrants immediate dismissal of Plaintiff 's Count 7.

**Plaintiff is Not Entitled to Injunctive Relief**

Plaintiff seeks a permanent injunction to ensure that all Defendants "will not continue to violate, the TCPA, FCRA, and the FDCPA . . . ."(Doc. 1, Page ID 21). However an injunction would not be proper in this case.

Standing to sue is a requirement for bringing a claim in court. Article III of the United Stated Constitution limits the power of federal courts to adjudicating actual cases and

controversies. U.S. Constitution, Article III, 2, cl. 1. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), the Supreme Court held that, to establish an actual case and controversy for Article III standing: a). plaintiff must have suffered an actual or imminent "injury in fact", as opposed to hypothetical; b). there must be a causal connection between the injury and the defendant's alleged conduct, rather than from a third party's independent action; and it must be "likely," not "speculative," that the injury will be "redressed by a favorable decision." *Id*. at 560.

Plaintiffs seeking prospective injunctive relief do not have Article III standing unless they demonstrate a real and immediate threat of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983); see also *Wooden v. Board of Regents*, 247 F. 3d 1262, 1284 (11th Cir. 2001) (a party has standing for injunctive relief only if he alleged and can prove a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury); *City of Los Angeles*, 461 U.S. at 102.

The Plaintiff fails to allege any clear, legal right to injunctive relief. There is no showing of an inadequate remedy at law, and no irreparable harm to support such claim. *Liberty Counsel v. Florida Bar Bd. Of Governors*, 12 So. 3d 183 (Fla. 2009). Plaintiff has not demonstrated a real and immediate threat of future injury in her case. *City of Los Angeles*, 461 U.S. at 103; *Wooden*, 247 F. 3d at 1284. Even if she had asserted such facts, the prospect of future injury must be more than speculative and conjectural. *O'Shea v. Littleton*, 414 U.S. 488, 496-497 (1974). Plaintiff failed to demonstrate any justification for an injunction, and the claim for injunctive relief should be dismissed.

**Conclusion**

Even if this Court were to accept the pleaded facts of Plaintiff's Complaint, the Florida Department of Education is immune from suit and the Complaint is barred by operation of

Eleventh Amendment Immunity presented herein. The Plaintiff's claims against the Department fail as a matter of law, and the Department requests this Honorable Court dismiss the Complaint accordingly.

WHEREFORE, Defendant, Florida Department of Education, respectfully moves this Honorable Court for an order dismissing the Complaint.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

/s/ M. Rives
Marie T. Rives, Assistant Attorney General
Florida Bar No. 0441937
Office of the Attorney General
501 E. Kennedy Blvd., Suite 1100
Tampa, FL 33602-5242
Tel: 813-577-4533; Fax: 813-233-2886
marie.rives@myfloridalegal.com
Counsel for Defendant, Florida Department of Education

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 13, 2018, I electronically filed the foregoing Defendant's Motion to Dismiss with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by First-Class Mail on July 13, 2018, to the following non-CM/ECF participant: Sandra K. Dressler, 3823 SE 11th Place, Unit 1, Cape Coral, Florida 33904.

/s/ M. Rives
Marie T. Rives
Assistant Attorney General