UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

    Plaintiff,

v.                                Case No:  2:18-cv-311-FtM-99CM

U.S. DEPARTMENT OF EDUCATION, BETSY DEVOS, in her official capacity as Secretary of the U.S. Department of Education, FLORIDA DEPARTMENT OF EDUCATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS, INC., EDUCATION CREDIT MANAGEMENT CORPORATION, PIONEER CREDIT RECOVERY, INC., EQUIFAX INC., EQUIFAX INFORMATION SERVICES, LLC, and DOES 1-10,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Motions to Dismiss filed by defendants Navient Corporation and Navient Solutions, Inc. (Doc. #28), Education Credit Management Corporation (Doc. #33), Florida Department of Education (Doc. #39), and Pioneer Credit Recovery, Inc. (hereinafter "defendants") (Doc. #54).  Plaintiff filed Responses in Opposition (Docs. ##38, 40, 50, 59).  For the reasons set forth below, the Complaint (Doc. #1) is dismissed as a shotgun pleading with leave to amend.

On May 4, 2018, plaintiff *pro se* Sandra K. Dressler filed a ten-count Complaint (Doc. #1) against defendants for violations of the Fair Credit Reporting Act, Fair Debt Collection Practice Act, Telephone Consumer Protection Act, and for breach of contract stemming from the servicing of her student loans. Some defendants move to dismiss, in part, because the Complaint is a shotgun pleading. (Docs. ##28, 39, 54.) Defendants Equifax Inc. and Equifax Information Services, LLC filed answers. (Docs. ##22, 25.) In Response, plaintiff opposes the Motions but also requests leave to amend. (Docs. #38, 40, 50, 59.)

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at

least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

## II.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Ofc., 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[1] Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.

---

[1] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in Weiland are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1322-23.

See generally Jackson v. Bank of America, --- F.3d ---, 2018 WL 3673002, *5-6 (11th Cir. Aug. 3, 2018) (detailing the "unacceptable consequences of shotgun pleading"). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Plaintiff's Complaint is a quintessential shotgun pleading for two reasons. First, each count adopts the allegations of all preceding paragraphs causing each successive count to carry all that came before and the last count to be a combination of the entire Complaint in violation of Federal Rule 8(a). See Doc. #1, ¶¶ 38, 47, 51, 53, 60, 64, 70, 74, 94, 97. By the end, ninety-six paragraphs were incorporated into Count 10. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305

F.3d 1293, 1295 (11th Cir. 2002). Doing so makes it nearly impossible for defendants and the Court to determine which factual allegations give rise to which claims for relief.

Second, each count fails to identify the specific facts and the particular nature of the violations that each defendant allegedly committed. Although in the heading for Counts 1-8 plaintiff identifies which defendant each count pertains to, the allegations that follow each heading generally lump the defendants together (see, e.g., Doc. #1, ¶¶ 41, 42, 52, 56, 57, 66), which fails to place each defendant on notice of what allegations give rise to each cause of action. This problem is also compounded by the fact that plaintiff incorporates all preceding paragraphs into each count. Furthermore, Counts 9 (negligence) and 10 (defamation) are directed at "all defendants" without regard to how each defendant is specifically liable.

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson, 2018 WL 3673002, *6 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). Accordingly, plaintiff will be provided an opportunity to amend, but if the Amended Complaint is a shotgun pleading, the Court has authority to dismiss it *on that basis alone*. See, e.g., Weiland, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the

prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

The Court will therefore dismiss the Complaint with leave to amend. The Court will otherwise deny the Motions, with leave to refile similar motions, if appropriate, after an Amended Complaint is filed.[2]

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help plaintiff generate the Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motions to Dismiss (Docs. ##28, 33, 39, 54) are **GRANTED IN PART** to the extent they seek dismissal of the

---

[2] Navient also moves to dismiss for improper service, alleging that they were served via certified mail. (Doc. #28.) However, a review of the Returns of Service for Navient Solutions, Inc. (Doc. #41) and Navient Corporation (Doc. #47) reveals that an individual was personally served with the Summons and Complaint. Although the Court takes no position as to whether service on these individuals was proper, it belies Navient's contention that it was only served via certified mail.

Complaint as a shotgun pleading. The Motions are otherwise **DENIED.**

2. The Complaint (Doc. #1) is dismissed without prejudice to filing an Amended Complaint within **twenty-one (21) days** of the date of this Opinion and Order. **The failure to file an Amended Complaint will result in the closure of the case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record