UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

        Plaintiff,

v.                                    Case No: 2:18-cv-311-FtM-99CM

U.S. DEPARTMENT OF
EDUCATION, BETSY DEVOS, in
her official capacity as
Secretary of the U.S.
Department of Education,
FLORIDA DEPARTMENT OF
EDUCATION, NAVIENT
CORPORATION, EDUCATION
CREDIT MANAGEMENT
CORPORATION, PIONEER CREDIT
RECOVERY, INC., EQUIFAX
INC., EQUIFAX INFORMATION
SERVICES, LLC, DOES 1-10,
and NAVIENT SOLUTIONS, LLC,

        Defendants.

_____

## OPINION AND ORDER

    This matter comes before the Court on Motions to Dismiss filed
by Navient Corporation, Navient Solutions, and Pioneer Credit
Recovery (Doc. #77), Education Management Corporation (Doc. #78),
and Florida Department of Education (Doc. #79) (hereinafter
"defendants"). Plaintiff filed Responses in Opposition (Docs.
##80, 81, 82). For the reasons set forth below, the Second Amended
Complaint (Doc. #75) is dismissed as a shotgun pleading with a
final opportunity to amend.

# I.  Background

On May 4, 2018, plaintiff *pro se* Sandra K. Dressler filed a
ten-count Complaint (Doc. #1) against defendants for violations of
the Fair Credit Reporting Act, Fair Debt Collection Practice Act,
Telephone Consumer Protection Act, and for breach of contract
stemming from the servicing of her student loans.  The Court
dismissed the Complaint as a shotgun pleading with leave to amend.
(Doc. #61.)  In its Order, the Court noted that the Complaint was
a shotgun pleading in two respects.  First, it adopted all the
preceding paragraphs causing each successive count to carry all
that came before and the last count to be a combination of the
entire Complaint in violation of Federal Rule 8(a).  (Id., p. 5.)
Second, each count failed to identify the specific facts and the
particular nature of the violations that each defendant allegedly
committed, generally lumping defendants together under each count.
(Id., p. 6.)  In compliance with Eleventh Circuit case law, the
Court gave plaintiff the opportunity to remedy such deficiencies,
stating:

> 'In dismissing a shotgun complaint for noncompliance
> with Rule 8(a), a district court must give the plaintiff
> 'one chance to remedy such deficiencies.' Jackson, 2018
> WL 3673002, *6 (quoting Vibe Micro, Inc. v. Shabanets,
> 878 F.3d 1291, 1295 (11th Cir. 2018)).  Accordingly,
> plaintiff will be provided an opportunity to amend, but
> if the Amended Complaint is a shotgun pleading, the Court
> has authority to dismiss it *on that basis alone*. See,
> e.g., Weiland, 792 F.3d at 1320 (explaining that the

district court retains 'inherent authority to control
its docket and ensure the prompt resolution of
lawsuits,' including, under proper circumstances, 'the
power to dismiss a complaint for failure to comply with
Rule 8(a)(2)'.

(Id., pp. 6-7) (emphasis in original). In doing so, the Court
encouraged plaintiff to consult the "Proceeding Without a Lawyer"
resources on filing *pro se* complaints provided on the Court's
website. (Id., p. 7.)

Plaintiff filed an Amended Complaint (Doc. #65) on September
5, 2018 on the Court's form titled "Complaint for a Civil Case."
(Doc. #65). Plaintiff also filed a "Request for Court to Take
Judicial Notice of the Facts" in which plaintiff expressed concern
that the Court's form complaint did not provide for individual
counts which might cause her to improperly plead her claims. (Doc.
#66.) If the Court agreed, plaintiff requested leave to amend.
At this point, defendants had begun to file motions to dismiss the
Amended Complaint and shortly thereafter, plaintiff's claim
against Equifax for data breach was transferred to the
Multidistrict Litigation Panel. (Doc. #68.)

On September 21, 2018, the Court granted plaintiff leave to
file a Second Amended Complaint. (Doc. #73.) In that Order, the
Court informed plaintiff that she "should address the shotgun
pleading issues previously identified by the Court, but also
include facts indicating what caused her to initiate the disputes."
(Id., p. 4.) The Court also stated that the any claims asserted

against Equifax in the Second Amended Complaint would be stayed in favor of proceeding in the MDL case. (Id.)

Plaintiff filed a Second Amended Complaint (Doc. #75) on October 4, 2018. Defendants move to dismiss, in part, because the Second Amended Complaint remains a shotgun pleading that plaintiff has failed to correct despite opportunities to do so. Count 10 was brought against Equifax for breach of contract-negligence. Equifax did not to file a motion to dismiss or answer, but the Court noted in its last dismissal order (Doc. #73, p. 4) that any claims asserted in the Second Amended Complaint against Equifax would be stayed in favor of proceeding in the MDL case.

## II.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Ofc., 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[1] Courts in

---

[1] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in Weiland are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our

the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of America, 898 F.3d 1348 (11th Cir. 2018) (detailing the unacceptable consequences of shotgun pleading). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

The Court liberally construes *pro se* pleadings. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). "However, the leniency afforded *pro se* litigants does not give the courts license

published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1322-23.

to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action." Alhallaq v. Radha Soami Trading, LLC, 484 F. App'x 293, 296 n.1 (11th Cir. 2012) (citing GJR Inv., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)).

Here, plaintiff's Second Amended Complaint remains a shotgun pleading. Each count continues to adopt the allegations of all preceding paragraphs. (Doc. #75, ¶¶ 32, 41, 46, 48, 50, 53, 55, 60, 63, 67.) "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Doing so makes it nearly impossible for defendants and the Court to determine which factual allegations give rise to which claims for relief.

Second, each count fails to identify the specific facts and the particular nature of the violations that each defendant allegedly committed. Although in the headings for each count plaintiff identifies which defendant each count pertains to, the allegations that follow each heading generally lump the defendants

together, which fails to place each defendant on notice of what allegations specifically against them give rise to each cause of action.

Therefore, the Court dismisses the Second Amended Complaint without prejudice on shotgun pleading grounds with leave to amend. **If the Third Amended Complaint is a shotgun pleading it will be dismissed with prejudice without further notice and without leave to amend.** Any claims asserted in the Third Amended Complaint against Defendants Equifax, Inc. and Equifax Information Services LLC will be stayed in favor of proceeding in the MDL.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motions to Dismiss (Docs. ##77, 78, 79) are **GRANTED IN PART** to the extent that they seek dismissal of the Second Amended Complaint as a shotgun pleading. The Motions are otherwise **DENIED**.

2. The Second Amended Complaint (Doc. #75) is dismissed without prejudice to filing a Third Amended Complaint within **twenty-one (21) days** of the date of this Opinion and Order. **The failure to file a Third Amended Complaint will result in the closure of this case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record