# Exhibit "E"

<u>FROM THE DESK OF</u>
SANDRA DRESSLER

February 28, 2018

Pioneer Credit Recovery, Inc. / A Navient Company
26 Edward Street
Arcade, NY 14009-1012

RE: Alleged Account #: <u>5289955159</u> (Authentication) & <u>8565</u> (Taxpayer ID)
Certified Mail Receipt:<u> 7017-3040-0000-6567-6569</u>

**NOTICE OF DISPUTE: DELINQUENT TAX NOTIFICATION & PROOF OF CLAIM**

To whom it may concern,

Thank you for your recent notification that your institution recently sent me, expecting payment for an alleged debt. I am writing regarding your letter dated February 17, 2018.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 et seq**. Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. Further, that the alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that Pioneer Credit Recovery is in breach of the alleged agreement. The following facts support my position in this matter:**

**1.** Pioneer Credit Recovery failed to disclose to the alleged consumer Sandra K Dressler (hereinafter "consumer") that the Pioneer Credit Recovery used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby Pioneer Credit Recovery did not perform under the agreement and risked nothing of value.

**2.** Pioneer Credit Recovery has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

**3.** The Pioneer Credit Recovery received "something-for-nothing" by using the consumer's note(s) to fund charges to the account while retaining payments from consumer.

**4.** When accounts are 90 days or more overdue, Pioneer Credit Recovery receives a payoff of the amount $6,657.72 including the additional interest, and penalties, due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

I want to receive absolute assurance from Pioneer Credit Recovery that they did not breach the agreement. In order to settle this matter, please sign or have an authorized officer sign the enclosed

3823 SE 11TH PLACE, UNIT 1, CAPE CORAL, FLORIDA 33904

affidavit, confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition please furnish me with the following information:**

1. A complete statement of Damages, including each and every loss that Pioneer Credit Recovery incurred under the alleged agreement.

2. A copy of any insurance claim having been made by Pioneer Credit Recovery regarding this account.

3. A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

4. The name, address and telephone number of Pioneer Credit Recovery 's CPA auditor.

5. A copy of your oath of office confirming you are not violating **15 USC § 1692(e) 3.**

6. Verification if this debt has been assigned or sold to a debt collector.

7. If this debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

8. If this debt has been sold to a debt collector, please provide the price for which it was sold.

If you cannot verify this debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Are you committing mail fraud?

<u>**You are required by federal law to furnish the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.**</u> I am maintaining a careful record of dates as well as time-stamped copies of my credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the disclosure within the required (30) day period.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action might constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.** Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for the following: Violation of the **Fair Credit Reporting Act** and **Defamation of Character.**

3823 SE 11TH PLACE, UNIT 1, CAPE CORAL, FLORIDA 33904

I am sure your legal staff will agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2]**, putting your company in serious legal trouble with the FTC and other state or federal agencies.

All communications and omissions will be made part of and incorporated into any litigation arising from this matter. Failure to verify and validate the debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and an absolute waiver of any right to collect the alleged debt. Furthermore all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

You must contact me in writing and request an extension in the event that you need more than thirty (30) days to verify and validate the debt. Failure to do so confirms that the time limit is reasonable.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

**NOTICE:**

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

*Sandra K. Dressler*

**Signed without prejudice by: Sandra K. Dressler**

P.S. Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

**3823 SE 11TH PLACE, UNIT 1, CAPE CORAL, FLORIDA 33904**

## AFFIDAVIT: VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding Pioneer Credit Recovery, Alleged Account #: <u>5289955159</u> (Authentication) & <u>8565</u> (Taxpayer ID) including the agreement, account ledgers and bookkeeping entries;

2. That the Pioneer Credit Recovery does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That the Pioneer Credit Recovery used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That the Pioneer Credit Recovery did not accept, receive or deposit any money, money equivalent, note, credit or capital from the account holder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That the Pioneer Credit Recovery incurred financial losses and has been damaged in the amount of <u>$6,657.72 plus additional interest and penalties</u>, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the account holder;

6. When accounts are 90 days or more overdue, the Pioneer Credit Recovery does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7. That all material facts and terms and conditions regarding the alleged account, have been disclosed to the account holder in the borrower's agreement and promissory note;

8. That the Pioneer Credit Recovery is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9. That I have personal knowledge that the agreement and promissory notes were not altered or forged in any way.

## ATTESTATION

The facts stated above are true, correct and complete.

Signed by: _____

Subscribed and Sworn before me this_____ Day of_____, 2_____.

The State of_____ County of_____

Print Name & Title_____

Signature & Seal of Notary