FILED

2019 FEB 14 PM 1:14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF
FLORIDA

SANDRA K. DRESSLER,

    Plaintiff,

-v-

U.S. DEPARTMENT OF EDUCATION;
BETSY DEVOS, in her official capacity
As Secretary of the U.S. Department of Education;
FLORIDA DEPARTMENT OF EDUCATION;
NAVIENT CORPORATION; NAVIENT
SOLUTIONS, INC.; EDUCATION CREDIT
MANAGEMENT CORPORATION; PIONEER
CREDIT RECOVERY, INC.; EQUIFAX, INC.;
EQUIFAX INFORMATION SERVICES, LLC.;
and Does 1-10,

    Defendants.

Case No. 2:18-CV-311-FtM-99CM

## PLAINTIFF'S OPPOSITION TO DEFENDANT FLORIDA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

Plaintiff, Sandra K. Dressler, herein makes her opposition to motion to dismiss complaint filed in this case by counsel for Defendant FDE.

## I. INTRODUCTION AND BACKGROUND

Plaintiff identified several particular violations committed by Defendant FDE.

1. Defendant FDE reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies;

2. Defendants FDE made unauthorized calls to Plaintiff's cellular telephone.;

3. FDE otherwise violated §1692e by sending out the collection letters complained of, which were false, deceptive or misleading;

4. FDE failed to properly and legally validate the alleged debt identified as account numbers XXXX5572 and XXXX5657, so that plaintiff could sufficiently dispute the allegations;

5. On or about July 1, 2017, Plaintiff send Defendant FDE a Notice of Dispute demanding validation of an alleged account with Defendant FDE. Certified Mail Number 7014 2120 0003 3252 2972;

6. Defendant FDE reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies.;

7. Defendant FDE made unauthorized calls to Plaintiff's cellular telephone in violation of 47 U.S.C. §227(b)(1)(A).

8. Plaintiff adopts the Introduction and Background set forth in her opposition to ECMC's Motion to Dismiss Plaintiff's Second Amended Complaint by reference as if fully set forth herein. Fed.R.Civ.P., Rule 10(c) Adoption by Reference; Exhibits.

9. Defendant FDE lacks Eleventh Amendment Immunity.

10. Defendant FDE is a "debt collector", which are sometimes not exempt as a guaranty agent.

11. Defendant FDE cannot qualify for the "bona fide fiduciary" exception.

### A. FFELP-Promissory Note

12. Central to Plaintiff's complaint is in the fact that Defendants violated federal statutes. FDE has not produced the original Promissory Note.

13. None of the Defendants have provided proof and evidence that any of them loaned Plaintiff any money. There is only a Promissory Note, in which Plaintiff provided in order to fund the alleged account. None of the Defendants, nor the United States have proved any loss. If there is any guarantee, it is in the value of Plaintiff's Promissory Note, and not in anything that the Defendants and United States provided.

14. Once Plaintiff made demand that Defendants not call her, the federal statute makes it a violation to ignore the demand. Defendants ignored the demand and made calls to Plaintiff.

### B. Guaranty Agencies and The Higher Education Act

15. In *Rowe v. ECMC.*, 730 F.Supp.2d., 1285 (D.Or. 2010) the district court granted ECMC's motion to dismiss, holding that ECMC was a "guaranty agency" under the federal HEA, and that its collection activities were "incidental to a bona fide fiduciary obligation" within the meaning to the FDCPA. However, on appeal the Ninth Circuit reversed. See *Rowe v. ECMC*, #07-35046, (9th Cir. 2009). *Cf.*

*Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir. 1996). FDE is subject to the FDCPA because debt collection is central to the alleged debt.

### C. Eleventh Amendment Immunity

16. As a furnisher and a debt collector, FDE lacks any immunity from suit under the consumer protection laws. The U.S. Supreme Court in *Florida Dept. of Health and Rehab Svs v. Florida Nursing Hm Assoc., et al.*, 450 U.S. 147 (1981) Justice Brennan dissenting, stated: "In that circumstance I am of the view, expressed in dissent in *Edelman v. Jordan,* 415 U. S. 651, 687 (1974), that Florida 'may not invoke the Eleventh Amendment, since that Amendment bars only federal court suits against States by citizens of other States.'"

## II. LEGAL ARGUMENT

### A. LEGAL STANDARD

"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa. 1964). Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Currier v. Doran*, --- F.3d --- (10th Cir. 2001), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).

The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007),

reiterated that a motion to dismiss for failure to state a claim cannot be granted merely because the factual allegations are not believed. Instead, the factual allegations must be taken as true when evaluating a motion to dismiss. More pointedly, a plaintiff that has a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that recovery is very remote and unlikely.'" That said, and although embracing *Conley's* "no set of facts" standard, *Twombly* found that it is not up to the judge to turn a frivolous claim into a substantial one by imagining facts that are not present in the complaint. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

> "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S., 41, 45-46, 78 S.Ct. 99.
>
> "it is virtually impossible logically to distinguish among 'ultimate facts,' 'evidence,' and 'conclusions.' Essentially any allegation in a pleading must be an assertion that certain occurrences took place. The pleading spectrum, passing from evidence through ultimate facts to conclusions, is largely a continuum varying only in the degree of particularity with which the occurrences are described." Weinstein & Distler, Comments on Procedural Reform: Drafting Pleading Rules, 57 Colum. L.Rev. 518, 520-521 (1957).

See also Cook, Statements of Fact in Pleading Under the Codes, 21 Colum. L.Rev. 416, 417 (1921) ("[T]here is no logical distinction between statements which are grouped by the courts under the phrases 'statements of fact' and 'conclusions of law'"). Rule 8 was directly responsive to this difficulty. Its drafters intentionally avoided any reference to "facts" or "evidence" or "conclusions." See 5 C. Wright & A. Miller, Federal Practice and Procedure §

1216, p. 207 (3d ed.2004) ("The substitution of 'claim showing that the pleader is entitled to relief for the code formulation of the facts' constituting a 'cause of action' was intended to avoid the distinctions drawn under the codes among 'evidentiary facts,' 'ultimate facts,' and 'conclusions' ...").

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (emphasis added).

Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial. See *Swierkiewiczv. Sorema N.A.*, 534 U.S., 506, 514, 122 S.Ct. 992 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Charles E. Clark, the "principal draftsman" of the Federal Rules, put it thus:

> "Experience has shown ... that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function. We can expect a general statement distinguishing the case from all others, so that the manner and form of trial and remedy expected are clear, and so that a permanent judgment will result." The New Federal Rules of Civil Procedure: The Last Phase — Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A.J. 976, 977 (1937).

In *Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.*, 108 F.2d 302

(C.A.8 1940), the court viewed the Federal Rules — specifically Rules 8(a)(2), 12(b)(6), 12(e) (motion for a more definite statement), and 56 (motion for summary judgment) — as reinforcing the notion that "there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." 108 F.2d, at 306. The court refuted in the strongest terms any suggestion that the unlikelihood of recovery should determine the fate of a complaint: "No matter how improbable it may be that she can prove her claim, she is entitled to an opportunity to make the attempt, and is not required to accept as final a determination of her rights based upon inferences drawn in favor of the defendant from her amended complaint." *Ibid.*

In order to prevail on a motion to dismiss, the moving party must satisfy three prerequisites. "First, there may be no question of fact which might allow the defense to succeed.... Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed.... Third, plaintiff must show that it is prejudiced by the inclusion of the defense." *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (U.S.D.C. S.D. N.Y. 2002); *Estee Lauder, Inc.*, 189 F.R.D. at 271-72.

Defendant FDE here has failed to meet these 3 prerequisites.

First: It has yet to be determined if the defenses will succeed. There are questions of fact pending, as discovery may show.

Second: There are substantial questions of law, i.e. whether Plaintiff has a private right of action under Section 1681s-2(b). Does the Fair Credit Reporting Act apply to FDE? Does the Fair Debt Collection Practices Act apply to FDE? Does FDE have the ability to enforce a fraudulent agreement? Does 15 U.S.C. 1692 seq. prohibit a debt collector from collection action if it has not properly validated the alleged debt? Etc. "Fraud vitiates the most solemn Contracts, documents and even judgments" *U.S. v. Throckmorton*, 98 US 61, 65 (1878)

Third: Plaintiff will be prejudiced by the defenses, as the defenses relate to credit, loans and the collection process in enforcing an alleged agreement or contract, and proper reporting of debt with credit reporting agencies. Plaintiff is prejudiced because there are derogatory remarks, or the lack of required remarks, reported on Plaintiff's credit report.

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *Ward v Hudnall*, 366 F.2d 247 (5th Cir. 1966). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974). If

admitted and taken as true, the allegations of the complaint do state a claim upon which relief can be granted.

## B. Plaintiff has complied with the Rules

Plaintiff has amply provided her claims discretely and succinctly in her Statement of Claim, Allegations, and Cause of Action.

It is standard pleading practice to put multiple claims in numbered causes of action stating each statute that was violated. This is what Plaintiff did. Plaintiff does not have any "shotgun pleadings" as claimed by FDE. It may seem this way to Defendant in light of the fact that there are numerous violations. This is not a reason to dismiss Plaintiff's complaint.

## C. FDCPA Claims

### 1. FDE is a Debt Collector

Guaranty Agencies are sometime not exempt.

Yes, it is fundamental that the FDCPA applies only to debt collectors, which FDE and ECMC are.

> "We hold that USA Funds is subject to the FDCPA. The FDCPA proscribes abusive collection practices by 'any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' The FDCPA does not provide an exemption for guaranty agencies that acquire a student loan after default in order to pursue its collection."
> *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1262 (9th Cir.1996)

> "We hold that while a 'guaranty agency' owes a fiduciary obligation to the DOE under the HEA, the collection activity alleged in this case was not 'incidental to' that obligation within the meaning of the FDCPA because the defendant acted solely as a collection agent."
> *ROWE v. EDUCATIONAL CREDIT MANAGEMENT CORP.*, 730

F.Supp.2d., 1285 (D.Or. 2010)

### D. TCPA Counts 7 and 8 Claims

Plaintiff adopts the explanations set forth in her opposition to ECMC's Motion to Dismiss Plaintiff's Second Amended Complaint by reference as if fully set forth herein. Fed.R.Civ.P., Rule 10(c) Adoption by Reference; Exhibits.

#### 1. TCPA Amendments

Plaintiff contends that she does not owe any money to the United States, nor is any money guaranteed by the United States that would be owed by Plaintiff.

#### 2. Pleading Requirements

Plaintiff obtained call log from Verizon (as previously provided). The recorded calls show the time, date and nature of all calls. Plaintiff made factual allegations in her complaint that can be plausibly determined. i.e the recording is clearly automated. This constitutes compliance with *Iqbal* and *Twombly*.

### E. Breach of Contract Count 9

The very debt in question is that which has been the subject of the whole case. Said alleged debt having been the subject of credit reporting, disputes, and debt collection letters. Elements of the breach have been stated: (1) FDE alleges that there is a valid contract that they are trying to collect on; (2) a material breach in that FDE failed to disclose all elements of the alleged contract before soliciting Plaintiff, which is a violation of TILA; (3) damages have been claimed in Plaintiff's complaint. i.e. strict liability, lower credit score. In *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1115–17 (9th Cir. 2017) the Ninth

Circuit concluded that the standing bar was met by virtue of the fact that Robins alleged a statutory cause of action and potential harm to him, because Congress crafted those FCRA provisions to protect consumers' concrete yet intangible interests in accurate credit reporting. Plaintiff will make her discovery requests to obtain the underlying contract/promissory note/student loan agreement. There must be an alleged instrument since Defendants are using it to enforce its collection attempts. Also, discovery will produce the evidence needed to support all allegations in the complaint.

F. **Fraud as to Count 9**

The particular fraud was articulated in Plaintiff's complaint. i.e. failure to disclose; use of Plaintiff's own Promissory Note to fund the alleged loan; FDE is not a holder in due course; ultra vires.

G. **Standing for Injunctive Relief**

The failure to report adequately, and making unauthorized calls, is more than speculative. The injuries can be redressed in favor of Plaintiff since there is a strict liability law protecting consumers' rights. Plaintiff sent FDE a demand in writing to stop calling her. FDE failed to comply. Injunctive Relief has been requested in other cases similar to the present case. Cf. *Minner v. Equifax, Inc.*, USDC, Northern District of California, 3:16-cv-05696 & 4:16-cv-05690, which have been filed by an attorney. There is real and immediate threat of injury in that Plaintiff's credit is damaged, and she cannot obtain loans or credit, or qualify for leases/rentals. This is not speculative. Unauthorized phone calls have been document and detailed in her Verizon call log.

## III. CONCLUSION

Plaintiff requests that this Court deny FDE's Motion.

Respectfully submitted this __11__ day of __February__, 2019.

_____
Sandra K. Dressler, Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

SANDRA K. DRESSLER,     Plaintiff,

vs.

U.S. DEPARTMENT OF EDUCATION, et al.,

                      Defendant(s).

**CERTIFICATE OF SERVICE FOR SERVICE BY MAIL**

Case No. 2:18-cv-311-FtM-99CM

I hereby certify that on __5-4-2018__ (mm/dd/yyyy), I caused the following documents:

**PLAINTIFF'S OPPOSITION TO FDE's MOTION TO DISMISS THIRD AMENDED COMPLAINT**

*[Check the box, below, that applies to how you served the above documents.]*

☐ to be filed electronically with the Clerk of Court through ECF and/or

☒ that I caused a copy of the foregoing documents (and the notice of electronic filing, if filed electronically) to be mailed by first class mail, postage paid, to the following:

U.S. DEPARTMENT OF EDUCATION
U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Betsy DeVos, Secretary of Education
U.S. DEPARTMENT OF EDUCATION
U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, D.C. 20530

EDUCATION CREDIT MANAGEMENT CORPORATION
WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.
329 Park Ave. N., Second Floor
Winter Park, FL 32789

EQUIFAX, INC; EQUIFAX INFORMATION SERVICES, LLC
John Anthony Love
King & Spalding, LLP
1180 Peachtree St NE
Atlanta, GA 30309-3521

FLORIDA DEPARTMENT OF EDUCATION
Marie T. Rives, Assist. Attorney General
501 E. Kennedy Blvd, Suite 1100
Tampa, FL 33602

NAVIENT CORPORATION; NAVIENT SOLUTIONS, LLC.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd, 4th Floor
Coral Gables, FL 33134

PIONEER CREDIT RECOVERY, INC
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd, 4th Floor
Coral Gables, FL 33134

Date: 2-11-19

s/ Sandra K. Dressler
Signature of filing party

Sandra K. Dressler
Filer's Typed Name