FILED

2019 FEB 28 AM 10: 54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF
FLORIDA

SANDRA K. DRESSLER,

    Plaintiff,

-v-

U.S. DEPARTMENT OF EDUCATION;
BETSY DEVOS, in her official capacity
As Secretary of the U.S. Department of Education;
FLORIDA DEPARTMENT OF EDUCATION;
NAVIENT CORPORATION; NAVIENT
SOLUTIONS, INC.; EDUCATION CREDIT
MANAGEMENT CORPORATION; PIONEER
CREDIT RECOVERY, INC.; EQUIFAX, INC.;
EQUIFAX INFORMATION SERVICES, LLC.;
and Does 1-10,

    Defendants.

Case No. 2:18-CV-311-RTM-99CM

### PLAINTIFF'S OPPOSITION TO DEFENDANTS NAVIENT CORPORATION, NAVIENT SOLUTIONS, AND PIONEER CREDIT RECOVERY'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

Plaintiff, Sandra K. Dressler, herein makes her opposition to motion to dismiss complaint filed in this case by counsel for Defendants Navient Corp, NSL and PCR.

## INTRODUCTION

Plaintiff identified several particular violations committed by Defendants Navient Corp, NSL and PCR.

Navient Corp. is respondent superior to Defendant NSL, and at all times herein is responsible for the actions of NSL.

1. Defendant NSL reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies;

2. Defendants NSL made unauthorized calls to Plaintiff's cellular telephone;

3. NSL otherwise violated §1692e by sending out the collection letters complained of, which were false, deceptive or misleading;

4. NSL failed to properly and legally validate the alleged debt identified as account number XXXX55572, so that plaintiff could sufficiently dispute the allegations;

5. On May 21, 2018, Defendant Navient Solutions, Inc. (misnamed as Navient Solutions, LLC by process server) was served by legal process in person.

6. On May 23, 2018, Defendant Navient Corp. was served by legal process in person.

7. Defendant PCR failed to conduct a meaningful investigation of an alleged debt.

8. Defendant PCR used the U.S. mails to mail collection notices to Plaintiff without validating the alleged debt.

9. Defendant PCR falsely, deceptively and misleadingly represented an amount of debt allegedly owed by Plaintiff.

## **BACKGROUND**

10. On or about July 1, 2017, Plaintiff sent Defendant Navient Corp. a Notice of Dispute, demanding validation of an alleged account with Defendant DOE. Certified Mail Number 7014 2120 0003 3252 2989;

11. On or about August 28, 2017, Plaintiff send Defendant Navient Corp. a Notice of Dispute, demanding validation of an alleged account with Defendant DOE. Certified Mail Number 7017 1000 0000 6892 4702;

12. On or about January 23, 2018, Plaintiff send Defendant Navient Corp. a Notice of Dispute, demanding validation of an alleged account with Defendant DOE. Certified Mail Number 7017 3040 0000 6567 6552;

13. In servicing the alleged accounts, Defendants Navient Corp. and NSL failed to report accurate information to the Credit Reporting Agencies;

14. Defendant PIONEER failed to disclose that they were owned by Defendant NSL, or Navient Corp; acting to collect on the same alleged debt.

15. Plaintiff removed any shotgun approach to her TAC.

16. Plaintiff named each Defendant in each separate count caption, so there is ample notice to the Defendants as to what violations they are liable for.

17. Defendant NSL is referenced on page 4, paragraph 6 of the TAC, as directly or indirectly owned by NC (Navient Corp). Upon information and belief, Navient Corp. and NSL are jointly liable by association and business structure.

18. This Court has jurisdiction over NC because NC has damaged Plaintiff as alleged in her TAC. NC and/or NSL is a loan servicer who has attempted to collect a debt

by using the U.S. mails to send letters to Plaintiff. As a debt collector, NC and/or NSL must be registered to do business in the state of Florida. This Court has personal jurisdiction over NC because NC regularly and systematically conduct business in this District, including, at minimum, entering into contracts in this District, collecting student loan payments from this District. See *Poterek v. Navient Corp*, 0:17-cv-60145 (SD Florida)

## LEGAL STANDARD

"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa. 1964).

The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007), reiterated that a motion to dismiss for failure to state a claim cannot be granted merely because the factual allegations are not believed. Instead, the factual allegations must be taken as true when evaluating a motion to dismiss. More pointedly, a plaintiff that has a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that recovery is very remote and unlikely.'" That said, and although embracing *Conley*'s "no set of facts" standard, *Twombly* found that it is not up to the judge to turn a frivolous claim into a substantial one by imagining facts that are not present in the complaint. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

"a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S., 41, 45-46, 78 S.Ct. 99.

> "it is virtually impossible logically to distinguish among 'ultimate facts,' 'evidence,' and 'conclusions.' Essentially any allegation in a pleading must be an assertion that certain occurrences took place. The pleading spectrum, passing from evidence through ultimate facts to conclusions, is largely a continuum varying only in the degree of particularity with which the occurrences are described." Weinstein & Distler, Comments on Procedural Reform: Drafting Pleading Rules, 57 Colum. L.Rev. 518, 520-521 (1957).

See also Cook, Statements of Fact in Pleading Under the Codes, 21 Colum. L.Rev. 416, 417 (1921) ("[T]here is no logical distinction between statements which are grouped by the courts under the phrases 'statements of fact' and 'conclusions of law'"). Rule 8 was directly responsive to this difficulty. Its drafters intentionally avoided any reference to "facts" or "evidence" or "conclusions." See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 207 (3d ed.2004) ("The substitution of 'claim showing that the pleader is entitled to relief for the code formulation of the facts' constituting a 'cause of action' was intended to avoid the distinctions drawn under the codes among 'evidentiary facts,' 'ultimate facts,' and 'conclusions' ...").

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.*" Id., Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (emphasis added).

Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial. See *Swierkiewicz v. Sorema N.A.*, 534 U.S., 506, 514, 122 S.Ct. 992 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim"). Charles E. Clark, the "principal draftsman" of the Federal Rules, put it thus:

> "Experience has shown ... that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function. We can expect a general statement distinguishing the case from all others, so that the manner and form of trial and remedy expected are clear, and so that a permanent judgment will result." The New Federal Rules of Civil Procedure: The Last Phase — Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A.J. 976, 977 (1937).

In *Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.*, 108 F.2d 302 (C.A.8 1940), the court viewed the Federal Rules — specifically Rules 8(a)(2), 12(b)(6), 12(e) (motion for a more definite statement), and 56 (motion for summary judgment) — as reinforcing the notion that "there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." 108 F.2d, at 306. The court refuted in the strongest terms any suggestion that the unlikelihood of recovery should determine the fate of a complaint: "No matter how improbable it may be that she can prove her claim, she is entitled to an opportunity to make the attempt, and is not required to accept as final a determination of her rights based upon inferences drawn in favor of the defendant from her amended complaint." *Ibid.*

In order to prevail on a motion to dismiss, the moving party must satisfy three prerequisites. "First, there may be no question of fact which might allow the defense to succeed.... Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed.... Third, plaintiff must show that it is prejudiced by

the inclusion of the defense." *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (U.S.D.C. S.D. N.Y. 2002); *Estee Lauder, Inc.*, 189 F.R.D. at 271-72.

Defendant here has failed to meet these 3 prerequisites.

First: It has yet to be determined if the defenses will succeed. There are questions of fact pending, as discovery may show.

Second: There are substantial questions of law, i.e. whether Plaintiff has a private right of action under Section 1681s-2(b). Does the Fair Credit Reporting Act apply to Navient Corp. and NSL? Does a bank have the ability to lend its credit? Does the Fair Debt Collection Practices Act apply to Navient Corp. and NSL? Does the Telephone Consumer Protection Act apply to Navient Corp. and NSL? Does a bank have the ability to enforce a fraudulent agreement? Does 15 U.S.C. 1692 seq. prohibit a debt collector from collection action if it has not properly validated the alleged debt? Etc. "Fraud vitiates the most solemn Contracts, documents and even judgments" *U.S. v. Throckmorton*, 98 US 61, 65 (1878)

Third: Plaintiff will be prejudiced by the defenses, as the defenses relate to credit, loans and the collection process in enforcing an alleged agreement or contract, and proper reporting of debt with credit reporting agencies. Plaintiff is prejudiced because there are derogatory remarks, or the lack of required remarks, reported on Plaintiff's credit report.

## AUTHORITY AND ARGUMENT

19. Defendant Navient Corp. is a loan management, servicing, and asset recovery company and is a Delaware corporation. Defendant Navient Corp. is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with

any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §1681s-2. Navient Corp. is located at P.O. Box 9635 Wilkes-Barre, PA 18773. Navient Corp. is the direct or indirect owner of all of the stock of NAVIENT SOLUTIONS, INC. (formerly known as SALLIE MAE, INC.). NSL is located at 800 Prides Crossing, Newark, DE 19713. At all times material to this complaint, Navient Corp. has been located and transacted business in this district, whether directly or through its subsidiaries (i.e. NSL). Defendant Navient Corp. is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6) and has communicated with Plaintiff in an attempt to collect on an alleged debt.

20. There has been significant overlap between the corporate governance and management of Navient Corp. and NSL. Specifically, many of the directors and officers of NSL have also been directors or officers of Navient Corp. For example, as of 2014, John Remondi served as President and Chief Executive Officer for both Navient Corp. and NSL; John Kane served as Chief Operating Officer for both Navient Corp. and NSL; Somsak Chivavibul served as Chief Financial Officer for both NC and NSI; Timothy Haynes served as Chief Risk Officer for both Navient Corp. and NSL; and Stephen O'Connell served as Senior Vice President and Treasurer for both Navient Corp. and NSL. As a result of the 2014 corporate reorganization, Navient Corp. is currently the entity that contracts with the DOE for the servicing of federal student loans, which constitutes minimum contacts.

21. Plaintiff's complaint properly alleged sufficient factual matters that were plausible on their face against Defendants Navient Corp. and NSL, which give this Court jurisdiction.

22. The factual underlying allegation that Navient Corp. and NSL are debt collectors is a nationally known fact.[1]

23. Plaintiff brought action against Navient Corp. and NSL pursuant to Section 623(a)(1)(B) which requires a furnisher of information to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA. In its article, the FTC stated that "If a consumer notifies a furnisher, at an address specified by the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. Section 623(a)(1)(B)."[2] Section 623(a)(3) of the FCRA concerns the reporting of information to consumer reporting agencies once the consumer has notified the furnisher that information is disputed. That section states that when a consumer disputes the completeness or accuracy of any information furnished to a consumer reporting agency, the information in question <u>may not then be furnished without notice that it is disputed by the consumer.</u> That provision addresses the furnisher's obligation only when the furnisher continues to report disputed information. The statute is silent on the matter of the furnisher ceasing to report information while it is investigating the dispute. It is thus the opinion of the Commission staff that a furnisher temporarily ceases to report disputed information while it investigates the matter, and then either (1) corrects the information if its investigation results in agreement with the consumer or (2)

---

[1] https://www.cnbc.com/amp/2017/03/31/the-irs-has-hired-a-debt-collector-that-is-being-sued-by-the-government.html; https://www.csmonitor.com/Business/2017/0119/Did-student-debt-collector-Navient-swindle-its-borrowers
[2] https://www.consumer.ftc.gov/articles/pdf-0092-notice-to-furnishers.pdf

reports the item as disputed by the consumer where that is the result of the investigation, would comply with Section 623(a).[3] Plaintiff has not alleged that Navient Corp. or NSL are CRAs. Under section 623(a)(3), after receiving a notice of dispute from a consumer, Furnishers are <u>required to meet a disclosure requirement</u> by providing a notice of dispute to the CRAs within a timely manner. However, PCR failed to meet this condition of disclosure by not placing a "notice of dispute" on Plaintiff's alleged account within the (30) day time period.

24. PCR does not dispute the alleged fact that it failed to conduct a meaningful investigation. Section 623(b)(1) of the FCRA requires furnishers of information to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2).

25. In Plaintiff's TAC, page 7, paragraph 12, she shows that she made the allegation that she sent Navient Corp. a Notice of Dispute. Plaintiff also alleges that her credit reports, in reflecting the results of an investigation, <u>the CRAs had in deed notified Navient Corp. and NSL of the results of that investigation</u>.

26. Plaintiff did allege in her complaint that there is an underlying debt claimed to be due which has been alleged to be a student loan. See TAC, *inter alia*, page 7, paragraphs 15 and 16; page 8, paragraph 26. It is undisputed that Navient Corp., NSL and PCR are debt collectors; and debt collectors collect on consumer debts. If it was not a debt, why would a debt collector try to collect from Plaintiff? Plenty of actions were articulated in Plaintiff' TAC as shown in her "Factual Allegations"

---

[3] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-harvey-12-23-97

section.

27. Regarding damages, the Supreme Court did not apply its guidance to the record but instead remanded the case back to the Ninth Circuit to consider whether plaintiff Robins' injuries were sufficiently particularized and concrete to confer Article III standing.

On remand at the end of 2017, the Ninth Circuit once again held that Robins had standing. In so holding, the appellate court reasoned that the FCRA provisions at issue are intended to protect false credit information about a consumer from being disseminated and that this interest is concrete in nature. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1115–17 (9th Cir. 2017). The court further found that the alleged FCRA violation presents a legitimate and material risk of actual harm to consumers generally, because false information about consumers may be significant to prospective employers (such that it could influence employment decisions), although Robins did not allege that any potential employer did not hire him based on any information (inaccurate or not) in his credit report.

In short, the Ninth Circuit concluded that the standing bar was met by virtue of the fact that Robins alleged a statutory cause of action and potential harm to him, because Congress crafted those FCRA provisions to protect consumers' concrete yet intangible interests in accurate credit reporting. Plaintiff in the instant case made the proper allegations to state a claim for damages.

## **CONCLUSION**

Plaintiff's TAC has complied with this Court's ruling. Plaintiff requests that this Court deny Navient Corp., NSL and PCR's Motion.

Respectfully submitted this __28__ day of __February__ 2019.

_Sandra K. Dressler_
Sandra K. Dressler, Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

SANDRA K. DRESSLER,            Plaintiff,

vs.

U.S. DEPARTMENT OF
EDUCATION, et al.,

Defendant(s).

**CERTIFICATE OF SERVICE FOR SERVICE BY MAIL**

Case No. 2:18-cv-311-FtM-99CM

I hereby certify that on  May 4, 2018 (mm/dd/yyyy), I caused the following documents:

**PLAINTIFF'S OPPOSITION TO NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC, AND PIONEER CREDIT RECOVERY, INC's MOTION TO DISMISS THIRD AMENDED COMPLAINT**

*[Check the box, below, that applies to how you served the above documents.]*

☐ to be filed electronically with the Clerk of Court through ECF and/or

☒ that I caused a copy of the foregoing documents (and the notice of electronic filing, if filed electronically) to be mailed by first class mail, postage paid, to the following:

U.S. DEPARTMENT OF EDUCATION
U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Betsy DeVos, Secretary of Education
U.S. DEPARTMENT OF EDUCATION
U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, D.C. 20530

EDUCATION CREDIT MANAGEMENT CORPORATION
WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.
329 Park Ave. N., Second Floor
Winter Park, FL 32789

EQUIFAX, INC; EQUIFAX INFORMATION SERVICES, LLC
John Anthony Love
King & Spalding, LLP
1180 Peachtree St NE
Atlanta, GA 30309-3521

FLORIDA DEPARTMENT OF EDUCATION
Marie T. Rives, Assist. Attorney General
501 E. Kennedy Blvd, Suite 1100
Tampa, FL 33602

NAVIENT CORPORATION; NAVIENT SOLUTIONS, LLC.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd, 4th Floor
Coral Gables, FL 33134

PIONEER CREDIT RECOVERY, INC
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd, 4th Floor
Coral Gables, FL 33134

Date: 2-28-2019

s/ Sandra K. Dressler
**Signature of filing party**

Sandra K. Dressler
Filer's Typed Name