UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

    Plaintiff,

v.                                          Case No: 2:18-cv-311-FtM-99UAM

U.S. DEPARTMENT OF EDUCATION, BETSY DEVOS, in her official capacity as Secretary of the U.S. Department of Education, FLORIDA DEPARTMENT OF EDUCATION, NAVIENT CORPORATION, EDUCATION CREDIT MANAGEMENT CORPORATION, PIONEER CREDIT RECOVERY, INC., EQUIFAX INC., EQUIFAX INFORMATION SERVICES, LLC, DOES 1-10, and NAVIENT SOLUTIONS, LLC,

    Defendants.

---

## **OPINION AND ORDER**

This matter comes before the Court on Motions to Dismiss filed by the Florida Department of Education (Doc. #101), Education Management Corporation (Doc. #102), Navient Corporation, Navient Solutions, and Pioneer Credit Recovery, Inc. (Doc. #105), (hereinafter "defendants"). Plaintiff filed Responses in Opposition (Docs. ##103, 104, 107). For the reasons set forth below, the motions are granted in part and denied in part.

## I. Background

On May 4, 2018, *pro se* plaintiff Sandra K. Dressler filed a ten-count Complaint (Doc. #1) against defendants for violations of the Fair Credit Reporting Act, Fair Debt Collection Practice Act, Telephone Consumer Protection Act, and for breach of contract stemming from the servicing of her student loans and a tax debt. The Court dismissed the Complaint as a shotgun pleading with leave to amend. (Doc. #61.) In its Order, the Court explained that the Complaint was a shotgun pleading in two respects. First, it adopted all the preceding paragraphs causing each successive count to carry all that came before and the last count to be a combination of the entire Complaint in violation of Federal Rule 8(a). (Id., p. 5.) Second, each count failed to identify the specific facts and the particular nature of the violations that each defendant allegedly committed, generally lumping defendants together under each count. (Id., p. 6.) In compliance with Eleventh Circuit case law, the Court gave plaintiff the opportunity to remedy such deficiencies, stating:

> 'In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.' Jackson, 2018 WL 3673002, *6 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). Accordingly, plaintiff will be provided an opportunity to amend, but if the Amended Complaint is a shotgun pleading, the Court has authority to dismiss it *on that basis alone*. See, e.g., Weiland, 792 F.3d at 1320 (explaining that the district court retains 'inherent authority to control its docket and ensure the prompt resolution of

lawsuits,' including, under proper circumstances, 'the power to dismiss a complaint for failure to comply with Rule 8(a)(2)').

(Id., pp. 6-7) (emphasis in original). In doing so, the Court encouraged plaintiff to consult the "Proceeding Without a Lawyer" resources on filing *pro se* complaints provided on the Court's website. (Id., p. 7.)

Plaintiff filed an Amended Complaint (Doc. #65) on September 5, 2018 on the Court's form titled "Complaint for a Civil Case." (Doc. #65). Plaintiff also filed a "Request for Court to Take Judicial Notice of the Facts" in which plaintiff expressed concern that the Court's form complaint did not provide for individual counts which might cause her to improperly plead her claims. (Doc. #66.) If the Court agreed, plaintiff requested leave to amend. At this point, defendants had begun to file motions to dismiss the Amended Complaint and shortly thereafter, plaintiff's claim against Equifax for data breach was transferred to the Multidistrict Litigation (MDL) Panel. (Doc. #68.)

On September 21, 2018, the Court granted plaintiff leave to file a Second Amended Complaint. (Doc. #73.) In that Order, the Court informed plaintiff that she "should address the shotgun pleading issues previously identified by the Court, but also include facts indicating what caused her to initiate the disputes." (Id., p. 4.) The Court also stated that the any claims asserted

against Equifax in the Second Amended Complaint would be stayed in favor of proceeding in the MDL case. (Id.)

Plaintiff filed a Second Amended Complaint (Doc. #75) on October 4, 2018. Defendants move to dismiss, in part, because the Second Amended Complaint remained a shotgun pleading that plaintiff has failed to correct despite opportunities to do so. The Court again dismissed the Second Amended Complaint as a shotgun pleading because each count adopted the allegations of all preceding paragraphs and each count failed to identify the specific facts and the particular nature of the violations that each defendant allegedly committed, generally lumping defendants together under each count. (Doc. #84.) The Court allowed plaintiff one final opportunity to amend, and noted that any claims asserted in the Third Amended Complaint against defendants Equifax, Inc. and Equifax Information Services LLC will be stayed in favor of proceeding in the MDL. The Court informed plaintiff (in bold type) that if the Third Amended Complaint remained a shotgun pleading it would be dismissed with prejudice without further notice and without leave to amend. (Id., p. 7.)

Plaintiff filed a ten-count Third Amended Complaint (Doc. #88) on January 16, 2019.[1] Defendants again move to dismiss, in part, because the Third Amended Complaint is a shotgun pleading

---

[1] Plaintiff filed the exhibits to the Third Amended Complaint on January 29, 2019. (Doc. #92.)

and otherwise does not comply with the pleading standard of Rule 8.

**II.**

As the Court has stated in two prior Opinions (Docs. ##61, 84), shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Ofc., 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[2]  Courts in

---

[2] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in Weiland are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1322-23.

the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of America, 898 F.3d 1348 (11th Cir. 2018) (detailing the unacceptable consequences of shotgun pleading). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

The Court liberally construes *pro se* pleadings. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). "However, the leniency afforded *pro se* litigants does not give the courts license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action." Alhallaq v. Radha Soami Trading, LLC, 484 F. App'x 293, 296 n.1 (11th Cir. 2012) (citing GJR Inv., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)).

Here, although plaintiff's Third Amended Complaint no longer adopts the allegations of all preceding paragraphs in each count,

she continues to generally lump the defendants together under Counts II-IV, VII-IX and provide generic and general factual allegations as if they apply to all defendants. This fails to place each defendant on notice of what allegations specifically against them give rise to each cause of action. Plaintiff was put on notice that such claims would be dismissed with prejudice. Therefore, Counts II-IV, VII-IX are dismissed with prejudice.

Counts V and VI do not suffer from the same defect as they allege Fair Debt Collection Practices Act (FDCPA) violations against defendant Pioneer Credit Recovery, Inc. (Pioneer) only. However, the only allegations against Pioneer fail to state a claim under the FDCPA. In this regard, plaintiff alleges that Pioneer is a debt collection agency under contract with the Internal Revenue Service (IRS) and that Pioneer sent plaintiff a "tax delinquent notice" stating that plaintiff owed a debt to the IRS. (Doc. #88, ¶¶ 8, 15; Doc. #92-4.) Plaintiff disputed the tax debt with Pioneer. (Id., ¶ 16; Doc. #92-5.)

A tax obligation is not a debt as that term is defined under the FDCPA. The FDCPA's definitional section, 15 U.S.C. § 1692a, defines a "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Accordingly, the FDCPA and FCCPA apply only to payment obligations of a (1) consumer arising out of a (2) transaction in which the money, property, insurance, or services at issue are (3) primarily for personal, family, or household purposes. The statute thus makes clear that the mere obligation to pay does not constitute a "debt" under the FDCPA. Oppenheim v. I.C. System, Inc., 627 F.3d 833, 836 (11th Cir. 2010)

Here, the tax obligation was not a consumer transaction, nor were the funds used primarily for personal, family, or household purposes. Id. (citing Beggs v. Rossi, 145 F.3d 511, 512 (2d Cir. 1998) (holding that personal property taxes were not "debt" because they did not arise from a transaction)). Therefore, Counts V and VI against Pioneer are dismissed with prejudice.

As the Court previously noted, the claims asserted in the Third Amended Complaint against the Equifax defendants (Counts I, X) are stayed in favor of the MDL proceedings and those claims have already been transferred the MDL panel (Doc. #68). Therefore, the Court will order that the case be closed pending remand from the panel.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Florida Department of Education and Educational Credit Management's Motions to Dismiss (Docs. ##101, 102) are **GRANTED IN PART** to the extent that they seek dismissal of

the Second Amended Complaint as a shotgun pleading and Counts II-IV, VII-IX are dismissed with prejudice. The Motions are otherwise **DENIED**.

2. Defendant Pioneer Credit Recovery, Inc.'s Motion to Dismiss (Doc. #105) is **GRANTED IN PART** to the extent it seeks dismissal of Counts V and VI for failure to state a claim. The Motion is otherwise **DENIED**. Counts V and VII are dismissed with prejudice.

3. Finding no just cause for delay, the Clerk shall enter judgment accordingly in favor of defendants Florida Department of Education, Education Management Corporation, Navient Solutions LLC, Navient Corporation, Navient Solutions, Pioneer Credit Recovery, Does 1-10, U.S. Department of Education, and Betsy Devos.

4. Thereafter the Clerk is directed to close the file pending remand from the Multidistrict Litigation Panel as to Counts I and X of the Third Amended Complaint.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record