UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA DRESSLER

Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION;
BETSY DEVOS, in her official capacity As
Secretary of the U.S. Department of Education;
FLORIDA DEPARTMENT OF
EDUCATION; NAVIENT CORPORATION;
NAVIENT SOLUTIONS, LLC.;
EDUCATION CREDIT MANAGEMENT
CORPORATION; PIONEER CREDIT
RECOVERY, INC.; EQUIFAX, INC.;
EQUIFAX INFORMATION SERVICES,
LLC.; and Does 1-10,

  Defendants.

_____/

CASE NO.:  2:18-CV-311-FTM-99CM

## CASE MANAGEMENT REPORT

1. **Meeting of Parties:** Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), the parties listed below conferred via email on June 16, 2020and jointly prepared this Case Management Report:

| Name | Counsel for (if applicable) |
|---|---|
|  | Plaintiff |
| Alexander Meier | Defendant, Equifax Information Service LLC |
|  | Defendants, Betsy DeVros and US Department of Education |
| Richard B. Weinman | Defendant, Education Credit Management Corporation |
| Marie T. Rivas | Defendant, Florida Department of Education |

| | |
|---|---|
| Barbara Fernandez and | Defendants, Pioneer Credit Recovery Inc. |
| Peter Hernandez | Navient Corporation and Navient Solutions, LLC |

2.    <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

__**X**__    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before __**7/16/20**__ (date).[2]

_____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

_____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

64418597v.1

parties)_____objects to disclosure of such information for the specific reason(s) that:

_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>: **The parties agree to limit request for admissions to 30.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>: **As allowed by The Federal Rules of Civil Procedure and local rules.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>: **The parties agree to limit request for production to 30.**

(4) <u>Oral Depositions</u>: **As allowed by The Federal Rules of Civil Procedure and local rules.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:  **None at this time.**

|  Name  | Proposed Length of Deposition | Grounds |
|---|---|---|

   b.     <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **January 15, 2021 [60 days before discovery cut-off]**

   c.     <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **February 1, 2021.**

   d.     <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before <u>**March 16, 2021**</u> (date). **[30 days before dispositive motion deadline]**

   4.     <u>Discovery Plan – Defendants</u>:

        DEFENDANTS:    Defendants anticipate requesting a protective order to govern the exchange of discovery.

   a.     <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        DEFENDANTS:    Defendants intend to take discovery of all allegations at issue in the Complaint through written discovery, depositions and potential third party discovery. Defendants reserve the right to seek expert discovery as well.   As stated above, Defendants <u>anticipate requesting a protective order to govern the exchange of discovery.</u>

   (1) <u>Requests for Admission</u>:  **The parties agree to limit request for admissions to 30.**

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

   (2) <u>Written Interrogatories</u>:  **As allowed by The Federal Rules of Civil Procedure and local rules.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and

subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>: **The parties agree to limit request for production to 30.**

(4) <u>Oral Depositions:</u> **As allowed by The Federal Rules of Civil Procedure and local rules.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals: **None at this time.**

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
| | | |

b.  <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **February 1, 2021**

c.  <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **February 15, 2021.**

d.  <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **March 16, 2021** (date).

e.  <u>Dispositive Motion Cutoff Date</u>: **April 16, 2021**. Note, this date should be at least four months before the pretrial conference date.

5.  <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties agree that, pursuant to Local Rule 3.03(e), the exchange of discovery requests and responses should be in Word format or PDF. The parties agree that documents will be produced in the form in which the documents are kept in the ordinary course of business by the producing party or in PDF format (or audio recordings in .wav format). To the extent that any party requests production of materials in other formats, the parties will discuss the issues outlined above and agree**

to a production protocol. The parties agree that all correspondence, discovery requests, and/or discovery responses (including production of documents) shall be served via electronic mail. The parties agree that inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The parties further agree to return any inadvertently disclosed privileged and/or trial-preparation material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by Fed.R.Civ.P. 26. With respect to confidentiality agreements, the parties agree as follows: the parties will seek to enter into a mutually agreeable confidentiality agreement prior to the production of any confidential and/or proprietary records of the parties or the parties anticipate that they will file a proposed consent protective order of any trade secret, confidential, or proprietary information. The parties further anticipate that the terms of any such consent protective order will permit either party to move the Court to be released from the order's confidentiality provisions as appropriate. The parties have not yet exchanged the terms of such protective order but anticipate doing so in the near future. The Parties will confer regarding the proposed Protective Order and will jointly submit a proposed Protective Order to the Court.

The parties believe that discovery of ESI, although possible, is unlikely. The parties agree to preserve discoverable ESI in its native format, and produce such information in .pdf or similar format. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreements about ESI without the need for judicial intervention, to the extent practicable.

The parties agree that the terms "ESI" or "Electronically Stored Information" refers to discoverable documents and data existing in electronic form including email, word processing documents, spreadsheets, electronic slide presentations, databases, and other reasonably accessible electronically stored information relevant to the claims or defenses of any party subject to discovery pursuant to Fed. R. Civ. P. 26 that is proportional to the claims and defenses in this action.

Each document produced must be assigned a Bates number that: (i) is unique across the entire document production; (ii) contains no special characters or embedded spaces; and (iii) is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery: **No disagreements at this time.**

      7.      <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be **<u>October 1, 2020</u>** **[no later than 4 months from Case Management Report filing date and at least 4 months before pretrial conference]**. (Note time limit in Local Rule 4.03.)

      8.      <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution: **The Parties agree to participate in a settlement conference with a magistrate judge prior to the close of discovery.**

Parties agree that settlement is (check one)

      _____ likely
      **X**\_\_\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
      _____ yes    **X** no    _____ likely to agree in future

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      9.      The parties agree the settlement conference will be completed by **<u>March 16, 2021</u>** **[5 months before pretrial conference]**.

      10.      <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

      _____ yes    **X** no    _____ likely to agree in future

      11.      <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
  _____ request       (check one)
  **X** do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

      12.      <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **<u>August 16, 2021</u>** (date) **[3 weeks before trial term begins]** and for

trial on or after **September 6, 2021** (date) **[3 weeks after pretrial conference (no more than 18 months after Complaint is filed)]**. This **Jury** trial is expected to take approximately **1 - 3** day(s).

13. <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

14. <u>Other Matters</u>:

   (i) The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

   (ii) The parties agree to use a unified exhibit numbering system for any depositions to be taken by either party in this matter.

   (iii) The parties agree that communications between the parties and their respective litigation counsel regarding the case following the filing of the Complaint need not be included on a privilege log.

   (iv) The parties agree that communications between experts and counsel and/or parties (other than communications identified in Fed. R. Civ. P. 26(b)(4)(C)(i-iii)), as well as drafts of expert reports, are not discoverable.

   (v) The parties will initially attempt to resolve discovery disputes via telephone call between counsel(s), prior to sending a discovery dispute letter.

   (vi) Documents will be produced on a rolling basis where appropriate and reasonable to do so.

64418597v.1

| | |
|---|---|
| */s/*_____<br>*Sandra K. Dressler*<br>3823 SE 11th Place, Unit 1<br>Cape Coral, FL 33904<br>239-745-0032<br>PRO SE Plaintiff | */s/*_____<br>Alexander Meier<br>Florida Bar No.: 1011557<br>Seyfarth Shaw LLP<br>1075 Peachtree Street, N.E., Ste. 2500<br>Atlanta, GA 30309<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056<br>ameier@seyfarth.com<br>*Attorney for Defendant, Equifax Information Services LLC* |
| */s/*_____<br>Richard B. Weinman<br>Florida Bar No.:<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, 2nd Floor<br>Winter Park, FL 32789<br>Telephone: (407) 423-4246<br>Facsimile: (407) 423-7014<br>Email: rweinman@whww.com<br>*Attorney for Defendant, Education Credit Management Corporation* | */s/*_____<br>Marie T. Rives<br>Florida Bar No.:<br>Civil Litigation Bureau<br>Office of the Attorney General<br>501 E. Kennedy Blvd., Suite 1100<br>Tampa, FL 33602<br>Telephone: (813) 577-4533<br>Facsimile: (813)-233-2886<br>marie.rives@myfloridalegal.com<br>*Attorney for Defendant, Florida Department of Education* |
| | */s/*_____<br>Peter Hernandez<br>Florida Bar No.:<br>Hinshaw & Cubertson, LLP<br>2525 Ponce de Leon Blvd 4th Flr<br>Coral Gables, FL 33134-6044<br>Telephone: (305) 358-7747<br>Facsimile: (305) 577-1063<br>Email: phernandez@hinshawlaw.com<br>*Attorney for Defendant, Navient Solutions, LLC, Navient Corporation, Pioneer Credit Recovery, Inc.* |