UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

     Plaintiff,

                                    CASE NO.: 2:18-cv-00311-UA-CM

vs.

U.S. DEPARTMENT OF EDUCATION;
BETSY DEVOS, in her official capacity
As Secretary of the U.S. Department of Education;
FLORIDA DEPARTMENT OF EDUCATION;
NAVIENT CORPORATION; NAVIENT
SOLUTIONS, LLC.; EDUCATION CREDIT
MANAGEMENT CORPORATION; PIONEER
CREDIT RECOVERY, INC.; EQUIFAX INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and Does 1-10,

     Defendants.

_____/

**DISPOSITIVE MOTION FOR JUDGMENT ON THE PLEADINGS
BY DEFENDANT, EDUCATION CREDIT MANAGEMENT CORPORATION**

Defendant, Education Credit Management Corporation ("ECMC"), through counsel, and pursuant to Federal Rule of Civil Procedure 12(c), files this Dispositive Motion for Judgment on the Pleadings, and in support states:

**I.      Brief Procedural Background.**

1.      On May 24, 2018, Sandra K. Dressler ("Plaintiff"), *pro se,* filed a Verified Complaint against several defendants, including ECMC, alleging various federal statutory and common-law claims arising from allegedly-unlawful attempts by the defendants to collect student loan debts.  ECMC and its co-defendants moved to dismiss

1

on multiple legal grounds; including, but not limited to, that the Verified Complaint constituted a shotgun pleading.  The Verified Complaint was dismissed by the Court as a shotgun pleading, and Plaintiff was granted leave to amend. (Doc. 61.)

2.      On September 5, 2018, Plaintiff filed her Amended Complaint (Doc. 65). The Court subsequently granted Plaintiff's request to file a Second Amended Complaint. (Doc. 73.)

3.      Plaintiff filed a Second Amended Complaint (Doc. 75) on October 4, 2018. ECMC and its co-defendants moved to dismiss yet again on several grounds; including, *inter alia*, the Second Amended Complaint remained a shotgun pleading.  On August 8, 2019, the Court dismissed Plaintiff's Second Amended Complaint with a final opportunity to amend. (Doc. 84).

4.      On January 16, 2019, Plaintiff filed the Third Amended Complaint (Doc. 88) (hereinafter, the "Complaint") again alleging statutory and common-law debt-collection-related claims.[1] ECMC moved to dismiss the Complaint (Doc. 102) ("ECMC's Motion") on several, independent, legal and substantive grounds, including that the Complaint fails to state a claim against ECMC under the Fair Debt Collection Practices Act (FDCPA) and Fair Credit Reporting Act (FCRA). The other defendants similarly moved to dismiss.

5.      On April 1, 2019, the Court entered an Opinion and Order (Doc. 108) granting, in part, ECMC's Motion and the Florida Department of Education's Motion to Dismiss (Doc. 101) to the extent they sought dismissal of the Complaint as a shotgun

---

[1] ECMC is named as a defendant only in Counts 2 – 4, 7 and 8.

pleading and dismissing Counts II-IV and VII-IX with prejudice ("Dismissal Order"). The Court separately found that Counts V and VI, which were asserted against defendant Pioneer Credit Recovery, Inc. only, failed to state a claim under the FDCPA and dismissed them with prejudice.

6.      On April 6, 2019, Plaintiff appealed the Dismissal Order.

7.      On March 16, 2020, the Eleventh Circuit Court of Appeals entered its Opinion and Order (Doc. 117), which affirmed dismissal with prejudice of Counts V and VI of the Third Amended Complaint, while reversing the dismissal of Counts II-IV and VII-IX of the Third Amended Complaint on shotgun pleading grounds.

8.      On April 17, 2020, this Court entered its Order (Doc. 119) reopening the case, deeming counts 5 and 6 of the Third Amended Complaint stricken, and ordering defendants who had not already done so to file an answer to the Third Amended Complaint.

9.      On May 22, 2020, ECMC filed its Answer to the Third Amended Complaint (Doc. 127) generally denying its allegations and raising twenty-three affirmative defenses. Of them, the following affirmative defenses are particularly relevant to this Motion:

First - Plaintiff's Complaint fails to set forth facts sufficient to state a claim against ECMC for which relief can be granted;

Fourth - the FDCPA does not apply as against ECMC;

Fifth - ECMC is a student loan guaranty agency with a fiduciary duty to the United States Department of Education, and as a guaranty agency, ECMC carried out its

fiduciary duties to the United States and, in turn, to the United States taxpayers, including the duty of default prevent and servicing; therefore, ECMC is not subject to the FDCPA;

Sixth - ECMC is not a "debt collector" within the meaning of the FDCPA;

Seventh - ECMC is a student loan guaranty agency with a fiduciary duty to the United States Department of Education, and any calls by ECMC to Plaintiff were made solely pursuant to the collection of a debt owed to or guaranteed by the United States; thus, the TCPA specifically bars Plaintiff's claims for violation of the Act, and any calls by ECMC to Plaintiff's cellular telephone seeking to collect debts owed to the federal government are exempt from the TCPA and not actionable; and

Eighth - Plaintiff's claims are barred to the extent no private right of action exists under the FCRA.

## II.     Factual Allegations in the Complaint.

10.     In the Complaint, Plaintiff alleges that ECMC contracts with co-defendant, the Florida Department of Education ("FDE"), to service student loans. (Complaint, ¶ 7.) Plaintiff alleges she sent two separate notices of dispute to ECMC demanding validation of her accounts with DOE and FDE. (Complaint, ¶¶ 12, 14.) Plaintiff alleges she disputed certain unspecified information reported by "the Defendants" (collectively) to the Credit Reporting Agencies ("CRA"). (Complaint, ¶ 21.)

11.     Plaintiff alleges that ECMC, and others, did not properly respond to her notices of dispute and reported inaccurate information "to one or more Credit Reporting Agencies as shown in her credit reports, reflecting that she does not dispute the alleged

debt." (Complaint, ¶¶ 20, 21-23.) She further alleges that ECMC, and others, failed to report the results of their investigation to the CRAs. (Complaint, ¶¶ 32-33.)

12.     To support these alleged claims, Plaintiff attaches a copy of her Equifax credit file to the Complaint as Exhibit G. Importantly, that credit file plainly and repeatedly reflects that ECMC reported to the CRA that the "**Consumer Disputes This Account Information**." Doc. 92, Ex. G to Complaint, pp. 3, 7, 9, 15, 22 (emphasis added). The credit file also contains a statement that "*We have researched the credit account . . . The results are*: creditor has verified to OUR company that the current status is being reported correctly." (Doc. 92, Ex. G to Complaint, pp. 3, 7, 9, 15, 22) (emphasis in original).

13.     Plaintiff alleges that from August 10, 2017 through September 12, 2017, ECMC, and others, made 25 telephone calls to her cellular telephone that she did not authorize using an automatic telephone dialing system "or artificial robotic or prerecorded voices". (Complaint, ¶¶ 26-30.)

## III.   The Claims Alleged by Plaintiff.

14.     Though the Complaint is vague and confusing, the Plaintiff appears to allege, at Count 2, that ECMC violated the Fair Credit Reporting Act at 15 U.S.C. § 1681s-2(b), by failing to timely notify the CRAs of the dispute relating to her credit file and failing to either meaningfully investigate the dispute or to investigate at all. (Complaint, ¶¶ 47-59.)

15.     In Count 3of the Complaint, Plaintiff contends that ECMC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), by failing to

communicate that a disputed debt is disputed. (Complaint, ¶¶ 60-61). In Count 4, she contends that ECMC also violated the FDCPA, 15 U.S.C. § 1692d(5), because, she alleges, "[c]ollectively, NC, FDE and ECMC, called Plaintiff's telephone in excess of 25 times". (Complaint, ¶¶ 63-64.)

16.    In Counts 7 and 8, she alleges that ECMC and others violated the Telephone Consumer Protection Act ("TCPA"), at 47 U.S.C. § 227(b)(3) and § 227(b)(1)(A), by calling her cellular telephone using an automatic dialing system without her consent. (Complaint, ¶¶ 72-73.)

17.    In addition to these statutory claims, she also asks the Court to grant her a broad range of relief, including an injunction against all defendants (Complaint, ¶ 78), damages, and rescission of contracts, among other things. *See* "wherefore" clause of Complaint.

18.    Finally, Plaintiff repeatedly and generally alleges that she "has and will continue to suffer damages as shown herein" but nowhere in the Complaint does she identify any particular harm that she has incurred. (Complaint, ¶¶ 59, 62, 64.)

19.    Judgment on the pleadings should be entered in favor of ECMC because each of Plaintiff's claims fail as a matter of law. Though the entire Complaint is insufficiently pleaded, the clear pleading deficiencies should not overshadow the fact that no issues of material fact are in dispute and ECMC is entitled to judgment as a matter of law based on the pleadings.

20.    Plaintiff's own exhibits to the Complaint contradict and refute her alleged claim under § 1681s-2(b) of the FCRA. Indeed, the copy of the credit file Plaintiff

6

provided as an exhibit to the Complaint demonstrates that ECMC properly investigated her account, reported the results of the investigation, and reported her account as disputed. Plaintiff's FCRA claim also fails because omitted key elements required to state an FCRA claim, specifically, that a reasonable investigation would have revealed the existence of inaccurate information. To the extent Plaintiff attempts to allege a claim under § 1691s-2(a) of the FCRA, that claim fails because no private right of action exists for alleged violations of § 1691s-2(a).

21.     ECMC is entitled to judgment on the pleadings on Plaintiff's FDCPA claims because ECMC is a guaranty agency that seeks to collect its own debt and is not a "debt collector" as statutorily defined. Even if ECMC was somehow considered a debt collector under the FDCPA, ECMC fails squarely within the FDCPA's "bona fide fiduciary" exception of the FDCPA. Either way, the FDCPA simply does not apply.

22.     Finally, ECMC is entitled to judgment on the pleadings on Plaintiff's TCPA claims because the government-debt exception to the TCPA applies to each of the alleged calls made by ECMC. As such, those calls are outside the scope of the TCPA and ECMC cannot be subject to any TCPA liability.

WHEREFORE, Defendant, Education Credit Management Corporation, respectfully requests that this Court enter judgment on the pleadings in its favor on Counts 2-4 and 7-8 of Plaintiff's Third Amended Complaint and provide such other and further relief as this Court deems just and proper.

## <u>INCORPORATED MEMORANDUM OF LAW</u>

### I.   JUDGMENT ON THE PLEADINGS IS PROPER UNDER RULE 12(C).

A party may move for judgment on the pleadings at any time after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriately granted when no issues of material fact are in dispute and the moving party is entitled to judgment based on the pleadings. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). In addition to considering the properly pleaded allegations in a complaint, on a motion for judgment on the pleadings, the court may consider any documents incorporated into the complaint by reference. *State Farm Fire & Cas. Co. v. Lacks*, 840 F. Supp. 2d 1292, 1294 (M.D. Ala. 2012). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

### II.   ARGUMENT.

#### A. ECMC is entitled to judgment on the pleadings on Count 2 of the Complaint for alleged violations of the Fair Credit Reporting Act.

In general, to state a claim under § 1681s-2(b) of the FCRA, a consumer must notify a CRA of a dispute regarding the information it reported; the consumer must allege that the CRA notified the furnisher of the dispute, which triggers the furnisher's duty to investigate; and finally, the consumer must allege facts showing that the furnisher did not conduct a reasonable investigation of the disputed information. *See* §1681s-2(B). ECMC is entitled to judgment on the pleadings on the FCRA claim because (1) the exhibits to

the complaint refute Plaintiff's FCRA claims; and (2) plaintiff has entirely omitted from the Complaint certain required factual allegations to state any claim under the FCRA.

### i. Plaintiff's own Exhibits to the Third Amended Complaint contradict and completely refute her FCRA claim.

To the extent Plaintiff attempts to plead a cause of action for ECMC's alleged violation of the FCRA at § 1691s-2(b), Plaintiff's own exhibits to the Complaint contradict and completely refute her claims. In Count 2 of the Complaint, Plaintiff makes conclusory allegations that ECMC failed to conduct an investigation of her accounts and to report the results of that investigation to the credit reporting agencies. (Complaint, ¶¶ 47-59.) Plaintiff is wrong.

Plaintiff's credit report, attached to the Complaint as Exhibit G, plainly demonstrates that ECMC investigated her accounts, reported the results of the investigation to Equifax, and reported that she disputed the account. (Doc. 92, PageID 703, 707, 709, 715, 716 and 722.) Under the section of Plaintiff's credit report titled, "*The Results of Our Reinvestigation*", the following results are provided for every account reported by ECMC:

> >>> *We have researched the credit account. Account# - 786055"' The results are:* This creditor has verified to OUR company that the current status is being reported correctly. This creditor has verified to OUR company that the prior paying history is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Ecmc, 1 Imation Pl, Oakdale MN 55128-3421*

and

> … ADDITIONAL INFORMATION – **Consumer Disputes This Account Information**; Collection Account; Student Loan; Fixed Rate

9

(Doc. 92, PageID 703, 707, 709, 715, 716 and 722) (emphasis added). The mere fact that Plaintiff is unhappy about the results of ECMC's investigation is not sufficient to support a claim against ECMC under the FCRA.

When exhibits to a complaint contradict the general and conclusory allegations within that complaint, the exhibits govern. *Griffin Industries, Inc. v. Irvin*, 496 F. 3d 1189 (11th Cir. 2007); *See also Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").[2] When exhibits attached to the complaint reveal facts which foreclose recovery as a matter of law, dismissal of the complaint is appropriate. *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). It is undisputed that Plaintiff's credit report plainly reflects that ECMC conducted an investigation and reported the results of that investigation to the credit reporting agency. As such, judgment on the pleadings in favor of ECMC is warranted and appropriate.

### ii.  Plaintiff fails to state a claim against ECMC under the FCRA.

ECMC is also entitled to judgment on the pleadings on Plaintiff's FCRA claim because Plaintiff omitted certain required factual allegations to state a claim under § 1691-2(b). In addition to the general allegations set forth at Part III.A. above, to state an FCRA claim against a furnisher for failure to conduct a reasonable investigation, a plaintiff must demonstrate "that had the furnisher conducted a reasonable investigation,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the result would have been different; i.e., that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Felts v. Wells Fargo Bank, NA*, 893 F. 3d 1305, 1313 (11th Cir. 2018). Without such a showing, the plaintiff's claim fails. *Id.* This is because the plaintiff cannot demonstrate any injury from the allegedly deficient investigation, nor can the plaintiff demonstrate that a "reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." *Id.*

Count 2 fails to contain the required factual allegations to state a claim under § 1691s-2(b).[3] Count 2 does not include any factual allegations that ECMC reported inaccurate or false information; that a reasonable investigation would have demonstrated that the information was inaccurate or incomplete; nor does it identify any facts ECMC would have uncovered had it conducted a reasonable investigation (which it did) that establish that the reported information was, in fact, inaccurate or incomplete. As a result, the Complaint fails to state a claim that ECMC failed to conduct a reasonable investigation pursuant to § 1691s-2(b).

---

[3] Although Count 2 does not reference or incorporate any of the factual allegations asserted in paragraphs 12 – 33 of the Complaint, even assuming Plaintiff meant to incorporate them, those factual allegations do not change the result, because those paragraphs do not contain the required allegations to state a claim under the FCRA.

### iii. To the extent Plaintiff attempts to allege an FCRA claim under § 1691s-2(a), ECMC is entitled to judgment on pleadings as a matter of law, because no private right of action exists under § 1691s-2(a).

To the extent Plaintiff attempts to plead a cause of action under subsection 1691s-2(a), ECMC is entitled to judgment on the pleadings as a matter of law because that subsection "contains no private right of action". *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("Thus, the district court correctly concluded, as many other courts have held, that there is no private cause of action for violations of § 1681s-2(a)" and collecting cases holding same); *See also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (no private right of action or enforcement was included within the FCRA for any violation of the subsection 1691s-2(a) obligations). Plaintiff concedes this in the Complaint. (Complaint, ¶ 53.)[4]

### B. ECMC is entitled to judgment on the pleadings on Counts 3 and 4 of Plaintiff's Complaint, for alleged violations of the FDCPA.

In general, to state a claim for relief under the FDCPA, a plaintiff must allege and prove sufficient facts that (1) she has been the subject of an attempt to collect a consumer debt; (2) the defendant is a debt collector, as defined by the FDCPA; and (3) the defendant engaged in an act or omission proscribed by the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

---

[4] Further, any allegations that ECMC violated § 1681s-2(a) is contradicted and refuted by Exhibit G to the Complaint, as each of the accounts reported by ECMC and identified on the credit report state "Consumer Disputes This Account Information".

### i. ECMC is a "guaranty agency" that is not subject to the FDCPA because guaranty agencies are not "debt collectors" as defined by the FDCPA.

ECMC is entitled to judgment on the pleadings in its favor because it is not subject to the FDCPA at all. The FDCPA only applies to debt collectors, as defined by the FDCPA. *Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1166 (N.D. Ala. 1999), *aff'd* 208 F.3d 945 (11th Cir. 2000). The FDCPA defines a "debt collector" as any business whose principal purpose is the collection of any debts or who regularly collects or attempts to collect debts of another. 15 U.S.C. § 1692a(6). ECMC, however, is a "guaranty agency", not a "debt collector".

In support of her claims, Plaintiff alleges that she "executed, and delivered, Promissory Notes to Defendants DOE and FDE", and that "ECMC is currently the entity that contracts with FDE for the servicing of student loans". (Complaint, ¶¶ 7, 25.) Copies of the Promissory Notes (with personal identifying information redacted) are attached hereto as **Exhibit "1"**.[5] In 2007 and 2008, Plaintiff executed the Promissory Notes memorializing student loans issued to her under the Federal Family Education Loan Program ("FFELP"). The Promissory Notes provide that loans disbursed under them are "subject to the Higher Education Act of 1965, as amended (20 U.S.C. § 1070, *et seq*.) and applicable U.S. Department of Education regulations."

---

[5] Here, the Court may consider the Promissory Notes, given that the Complaint references the Promissory Notes (Complaint, ¶ 25) and relies on the student loan debt incurred by Plaintiff as the basis for ECMC's collection activity. *See State Farm Fire & Cas. Co. v. Lacks*, 840 F. Supp. 2d 1292, 1294 (M.D. Ala. 2012) ("In addition to considering the properly pleaded allegations in a complaint, the court may consider on a motion for judgment on the pleadings any exhibits attached to the complaint as well as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Plaintiff cannot in good faith challenge either the authenticity of the Promissory Notes or that ECMC's communications with Plaintiff and wrongful actions alleged in the Complaint were regarding Plaintiff's resulting student loan obligations.

The FFELP was established pursuant to the Higher Education Act of 1965 (the "HEA"), 20 USC § 1071, *et seq. Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004) ("Title IV of the HEA authorizes the Secretary of Education to administer several federal student loan and grant programs, including the Federal Family Education Loan Program (the Stafford Loan Program) [...]. Under these programs, lenders make guaranteed loans under favorable terms to students and their parents, and these loans are guaranteed by guaranty agencies and ultimately by the federal government.").

Under the FFELP, student loans are guaranteed by either a state agency or non-profit organization "that has an agreement with the Secretary under which it will administer a loan guaranty program under the Act." 34 C.F.R. § 682.200; 20 U.S.C. § 1072(a)(1). These "guaranty agencies" enter into agreements with the Department of Education that set forth "such administrative and fiscal procedures as may be necessary to protect the United States from the risk of unreasonable loss thereunder, to ensure proper and efficient administration of the loan insurance program, and to assure that due diligence will be exercised in the collection of loans insured under the program [...]." 20 U.S.C. § 1078(c)(2); *see also* 34 C.F.R. § 682.404.

The Eleventh Circuit, along with numerous sister circuits, has explicitly held that ECMC is a "guaranty agency", i.e. a not-for-profit corporation which acts as a guarantor of federal student loans under the HEA. *See, e.g.*, *Bennett v. Premiere Credit of North America*, 504 Fed. Appx. 872, 877 (11th Cir. 2013) ("[W]e agree with the district court that ECMC qualifies as a guaranty agency under the HEA, and is therefore engaged in a

fiduciary relationship with the DOE.");[6] *Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 798 (7th Cir. 2006) (stating that ECMC is a "non-profit corporation that acts as a guarantee agency"); *Pelfrey v. Educational Credit Management Corporation*, 71 F.Supp.2d 1161, 1180 (N.D. Ala. 1999), *aff'd* 208 F.3d 945 (11th Cir. 2000) (court determined ECMC was guaranty agency under the Federal Family Education Loan Program); *Freeman v. Great Lakes Educ. Loan Servs.*, No. 3:12cv331/MCR/CJK, 2013 U.S. Dist. LEXIS 75130, at *13-14 (N.D. Fla. Apr. 22, 2013) ("Ample precedent holds that ECMC is not subject to an action for violation of the Fair Debt Collection Practices Act (FDCPA)."); *Matthews-Hamad v. Educ. Credit Mgmt. Corp. (In re Matthews-Hamad),* 377 B.R. 415, 418 (Bankr. M.D. Fla. 2007) ("Educational Credit Management ('ECMC') is a private nonprofit student loan guaranty, governed by the [HEA] at 20 U.S.C. section 1061 *et. seq.*").

The principal purpose of ECMC (or any guaranty agency) is not the collection of debts nor does ECMC (or any guaranty agency) regularly collect debts for another. Rather, the principal purpose of a guaranty agency is the administration of the FFELP as dictated by extensive Federal Regulations. *Pelfrey*, 71 F.Supp.2d at 1163; *Cadiz v. Educational Credit Management Corp.*, 2019 WL 4254484, *3 (N.D. Ill. Feb. 21, 2019); *see also* 34 C.F.R. §§ 682.401-.402, 682.404, 682.410-.411.

Furthermore, ECMC does not collect debts on behalf of third parties; instead, ECMC collects debt on behalf of itself – it is therefore exempt from the FDCPA

---

[6] While not binding precedent, unpublished decisions by the Eleventh Circuit are persuasive authority. *See* 11th Cir. Local Rule 36-2.

altogether. *Freeman*, 2013 U.S. Dist. LEXIS 75130, at \*13-14 ("Ample precedent holds that ECMC is not subject to an action for violation of the Fair Debt Collection Practices Act (FDCPA)."); *Rowe v. Educ. Credit Mgmt. Corp.*,730 F.Supp. 2d 1285, 1289 (D. Or. 2010) (holding that ECMC collects debts on behalf of itself as a guarantor of the loan in default, and therefore, "ECMC does not fall under the definition of a debt collector with respect to the loans at issue."); *Edler v. Student Loan Marketing Ass'n*, 1993 WL 625570 (D. D.C. 1993) ("The FDCPA is inapplicable to [the guaranty agency] as a matter of law because [it] is a guarantee agency and not a debt collector within the meaning of the statute."); *Rainy v. Educ. Credit Mgmt. Corp.,* 2016 WL 1594378, \*3 (E.D. Mich. Apr. 21, 2016) (finding that ECMC is a guarantee agency under the HEA, and thus its collection activities were not covered by the FDCPA); *Cadiz*, 2019 WL 4254484, at \*3 (concluding that ECMC does not meet the definition for "debt collector" under § 1692a(6)); *Davis v. United Student Aid Funds*, 45 F. Supp. 2d 1104, 1108 (D.Kan. 1998) (finding "[w]hen a borrower defaults on a guaranteed loan, the guaranty agency pays the guaranty and becomes the 'holder' of the note."); 34 C.F.R. 682.410(b)(5)(vi)(A) (the notice of default must "[a]dvise the borrower that the [guaranty] agency has paid a default claim filed by the lender and has taken assignment of the loan").

  In other words, "ECMC is collecting its own debt as the current holder of the obligation. Accordingly, it is not a 'debt collector' under the FDCPA." *Freeman*, 2013 U.S. Dist. LEXIS 75130, at \*17 (N.D. Fla. Apr. 22, 2013).  As a result, there is no genuine issue of fact and ECMC is entitled to judgment on the pleadings in its favor on the FDCPA claim as a matter of law.

16

### ii. ECMC is entitled to judgment on the pleadings because ECMC falls within the FDCPA's "bona fide fiduciary" exception.

ECMC is outside the ambit of the FDCPA because it falls squarely within the "bona fide fiduciary" exception to the FDCPA set forth at 15 U.S.C. § 1692a(6)(F)(i). The FDCPA expressly excepts from the term "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." 15 U.S.C. § 1692a(6)(F)(i). As a guaranty agency, ECMC has a fiduciary relationship with the Department of Education for the purpose of the FFELP. 34 C.F.R. § 682.419(a) ("The guaranty agency must exercise the level of care required of a fiduciary charged with the duty of protecting, investing, and administering the money of others.").

As a result of this fiduciary relationship with DOE, the Eleventh Circuit has repeatedly held that ECMC falls within the "bona fide fiduciary" exception to the FDCPA. *Pelfrey v. Educational Credit Management Corp.*, 208 F.3d 945 (11th Cir. 2000) (holding that the FDCPA does not apply to ECMC because is a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity [...] is incidental to a bona fide fiduciary obligation." );[7] *Lima v. U.S. Dept. of Education*, 947 F.3d 1122 (9th Cir. 2020) (ECMC's collection activity was "incidental to" its fiduciary obligation to the DOE); *Bennett v. Premiere Credit of N. Am.,*

---

[7] The district court in *Pelfrey* undertook a comprehensive analysis of the role of a guarantor of FFELP loans and concluded that Congress "exempted ECMC type guaranty agencies from liability under the FDCPA . . . ." *Pelfrey*, 71 F.Supp.2d at 1180.

*LLC*, 504 F. App'x 872, 878 (11th Cir. 2013) ("ECMC's status as a guaranty agency, and therefore its fiduciary relationship to the DOE, is direct evidence that it satisfies the fiduciary relationship exemption and is not subject to the provisions of the FDCPA."); *Freeman v. Great Lakes Educ. Loan Servs.*, 2013 U.S. Dist. LEXIS 75130, at *16 ("Pursuant to the bona fide fiduciary obligation exception, ECMC is not subject to suit under the FDCPA."); *Seo v. Educational Credit Management Corporation*, 2016 WL 521065, *2 (N.D. Ill. February 9, 2016) ("Defendant is not subject to the FDCPA because, as a guarantor acting in a fiduciary relationship with the Department of Education, it does not fall under the definition of a debt collector."); *Montgomery v. Educational Credit Mgmt. Corp.*, 238 B.R. 806 (D. Minn. 1999) (holding that guaranty agencies, like ECMC, act incident to a fiduciary obligation when it attempts to collect on defaulted on student loans, and therefore, "the FDCPA does not apply to the actions of ECMC."); *Kuntz v. Educational Credit Management Corp.,* 2020 WL 1872332, *7 (taking judicial notice of the DOE's published list of guaranty agencies, which includes ECMC, finding that ECMC meets the two-part test for application of the § 1692a(6)(F)(i) exception, and entering judgment on the pleadings in ECMC's favor). Accordingly, the Plaintiff cannot allege any facts demonstrating that ECMC is subject to the FDCPA, and judgment on the pleadings should be entered in ECMC's favor.

###### C.   ECMC is entitled to judgment on the pleadings on Plaintiff's TCPA claims because the "government-debt exception" exempts ECMC from TCPA liability.

Generally speaking, the TCPA prohibits the use of "automatic telephone dialing systems" to call residential or cellular telephones without the called party's consent.

*Salcedo v. Hanna*, 936 F.3d 1162, 1166 (11th Cir. 2019). The TCPA also authorizes the

Federal Communications Commission ("FCC") to enact implementing regulations. *Id.*

Importantly, until only recently,[8] calls made to collect a debt owed to or

guaranteed by the United States were expressly exempted from the TCPA. 47 U.S.C.A. §

227(b)(1)(A)(iii) and (B). Specifically, the TCPA, in relevant part states:

> It shall be unlawful . . .
>
> (A) to make any call (other than a call made for emergency
> purposes or made with the prior express consent of the called
> party) using any automatic telephone dialing system or an artificial
> or prerecorded voice– . . .
> (iii) to any telephone number assigned to a paging service, cellular
> telephone service, specialized mobile radio service, or other radio
> common carrier service, or any service for which the called party is
> charged for the call, **unless such call is made solely to collect a
> debt owed to or guaranteed by the United States**;
>
> (B) to initiate any telephone call to any residential telephone line
> using an artificial or prerecorded voice to deliver a message
> without the prior express consent of the called party, **unless** the
> call is initiated for emergency purposes*, **is made solely pursuant
> to the collection of a debt owed to or guaranteed by the United
> States,** or is exempted by rule or order by the Commission under
> paragraph (2)(B).

47 U.S.C.A. § 227(b)(1)(A)(iii) and (B) (emphasis added).[9]

---

[8] The government debt exception of the TCPA was recently held unconstitutional and severed from the
TCPA in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2356 (2020). However, each of the
alleged calls to Plaintiff occurred from August 10, 2017 through September 12, 2017, before the *Barr v.
Am. Ass'n of Political Consultants* decision and while the government-debt exception of the TCPA
applied. The *Barr* decision explains that it does not have any retroactive effect: "[A]lthough our decision
means the end of the government-debt exception, **no one should be penalized or held liable for making
robocalls to collect government debt after the effective date of the 2015 government-debt exception
and before the entry of final judgment by the District Court on remand in this case, or such date
that the lower courts determine is appropriate.**"*Id.* (emphasis added).

[9] The above-quoted language excepting calls "made solely to collect a debt owed or guaranteed by the
United States," was added to the statute by Section 301 of the Bipartisan Budget Act of 2015, PL 114-74,
Nov. 2, 2015, 129 Stat 584 (the "2015 Budget Act").

19

The FCC has provided instructive commentary on the plain terms of the TCPA provisions above, stating: "Sections 227(b)(1)(A) and (B) of the TCPA now explicitly *do not* make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, provided that the calls are 'made solely to collect a debt owed to or guaranteed by the United States.'"[10] *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, 2016 WL 2759146, at *1 (F.C.C. May 6, 2016) (emphasis in original).

Courts have repeatedly found that consumers' alleged TCPA claims based on phone calls made to collect debts owed to or guaranteed by the government are precluded by the government debt exception of the TCPA. *Whalen v. Navient Sols., LLC*, No. 4:17-cv-00056-TWP-DML, 2018 U.S. Dist. LEXIS 38593, at *12 (S.D. Ind. Mar. 9, 2018) (dismissing TCPA claims against entity that sought to collect student loan debt that was guaranteed by the United States under its Federal Family Education Loan Program); *Schneider v. Navient Sols.,* LLC, No. 16-CV-6760 CJS, 2018 U.S. Dist. LEXIS 96125, at *18 (W.D.N.Y. June 6, 2018) (granting summary judgment on TCPAs claims in favor of defendant, a servicer of federal student loans, and holding that the student loan servicer was not subject to the restrictions contained in 47 U.S.C. § 227(b)(1)(A)(iii)); *Franklin v. Navient Corp.*, Civil Action No. 17-1640-RGA, 2019 U.S. Dist. LEXIS 150902, at *12 (D. Del. Sep. 5, 2019) ("In light of the fact Plaintiffs loan is guaranteed by the United

---

[10] Nor, by logical extension, do they permit an individual to opt out of receiving such calls by revoking consent.

States, all telephone calls made to him after the 2015 amendment are exempted by the TCPA."); *Tucker v. Pa. Higher Educ. Assistance Ag.*, No. 1:17-cv-267, 2018 U.S. Dist. LEXIS 185740, at *14 (W.D. Mich. May 10, 2018) (dismissing TCPA claim because "[t]he plain language of the statute is unambiguous: calls made solely to collect U.S.-guaranteed debts are exempt from TCPA coverage.").

The government-debt exception to the TCPA applies to each of the alleged calls to Plaintiff in this case. As stated in Part II.B. supra, ECMC is a "guaranty agency" and has a fiduciary relationship with the Department of Education for the purpose of the FFELP. The FFELP, formerly known as "Guaranteed Student Loans," is the quintessential federal student loan program and is authorized under Title IV, Part B, of the HEA, 20 U.S.C. §§ 1071–1087.   FFELP was structured to encourage private lenders to make student loans to qualified borrowers of limited means, with the federal government serving as the backstop. *Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 308 (D.N.J. 1997).   The federal government's status as guarantor of FFELP student loans means those loans constitute a debt guaranteed by the United States. As such, any calls placed by ECMC to the Plaintiff were to collect debts owed to or guaranteed by the government, and therefore, those calls are exempt from the TCPA.

In sum, because Plaintiff seeks to recover for autodialed calls allegedly made by ECMC on her federally guaranteed FFELP loan from August 10, 2017 through September 12, 2017, and because such calls took place after the effective date of the 2015 Budget Act amendment to the TCPA and before the *Barr v. Am. Ass'n of Political Consultants* decision, ECMC can have no liability under the TCPA as a matter of law.

## CONCLUSION

Even accepting the pleaded facts in the Complaint as true, there are no material facts in dispute and ECMC is entitled to judgment on the pleadings as a matter of law. As argued herein, Plaintiff's FCRA claim fails because they are undermined by the exhibits to the Complaint, and because she has not and cannot allege key elements of that claim. Plaintiff's FDCPA claim fails because ECMC is simply not a debt collector subject to the FDCPA, and even if it was, it is exempt from the FDCPA pursuant to the fiduciary exception. Finally, Plaintiff's TCPA fails because any calls made by ECMC in 2017 fall squarely within the government debt exception to that statute. For the foregoing reasons, judgment on the pleadings should be entered for ECMC.

Respectfully submitted,

/s/ Richard B. Weinman
Richard B. Weinman, Esquire
Florida Bar No. 0231370
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Winderweedle, Haines, Ward
  & Woodman, P.A.
329 Park Avenue North, Second Floor
Winter Park, FL 32789
(407) 423-4246
rweinman@whww.com
lreynolds@whww.com
*Attorneys for EDUCATIONAL CREDIT MANAGEMENT CORPORATION*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record, and via U.S. Mail to: Sandra K. Dressler, 3823 SE 11th Place, Unit 1, Cape Coral, Florida 33904.

/s/ Richard B. Weinman