FILED

2021 FEB 17 PM 1:03

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF
# FLORIDA

SANDRA K. DRESSLER,

    Plaintiff,

-v-

U.S. DEPARTMENT OF EDUCATION;
BETSY DEVOS, in her official capacity
As Secretary of the U.S. Department of Education;
FLORIDA DEPARTMENT OF EDUCATION;
NAVIENT CORPORATION; NAVIENT
SOLUTIONS, INC.; EDUCATION CREDIT
MANAGEMENT CORPORATION; PIONEER
CREDIT RECOVERY, INC.; EQUIFAX, INC.;
EQUIFAX INFORMATION SERVICES, LLC.;
and Does 1-10,

    Defendants.

Case No. 2:18-CV-311-UA-CM

## PLAINTIFF'S OPPOSITION TO DEFENDANT ECMC'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Sandra K. Dressler, herein makes her opposition to motion for judgment on the pleadings filed in this case by counsel for Defendant ECMC.

## I. INTRODUCTION AND BACKGROUND

Plaintiff identified several particular violations committed by Defendant ECMC.

1. Defendant ECMC reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies;

2. Defendants ECMC made unauthorized calls to Plaintiff's cellular telephone.;

3. ECMC otherwise violated §1692e by sending out the collection letters complained of, which were false, deceptive or misleading;

4. ECMC failed to properly and legally validate the alleged debt identified as account number XXXX55572, so that plaintiff could sufficiently dispute the allegations;

5. On or about July 1, 2017, Plaintiff send Defendant ECMC a Notice of Dispute demanding validation of an alleged account with Defendant DOE;

6. On or about August 28, 2017, Plaintiff send Defendant ECMC a Notice of Dispute demanding validation of an alleged account with Defendant FDE;

7. Defendant ECMC reported inaccurate derogatory information about Plaintiff to one or more consumer reporting agencies.;

8. Defendant ECMC made unauthorized calls to Plaintiff's cellular telephone in violation of 47 U.S.C. §227(b)(1)(A).

9. Plaintiff's Exhibits did not contradict her allegations that ECMC violated the FCRA and FDCPA.

10. ECMC is subject to the FDCPA as a debt collector.

11. There is no exception for those acting as a bona fide fiduciary, and there is no bar of Plaintiff's FDCPA claims.

12. Plaintiff did adequately make plausible allegations that ECMC is a debt collector and subject to the FDCPA.

13. There is no exemption from the TCPA violations.

14. Plaintiff's TAC complies with the minimum pleading requirements for a pro se party.

   A. **FFELP-Promissory Note**

15. Central to Plaintiff's complaint is in the fact that Defendants violated federal statutes. ECMC has not produced the original Promissory Note.

16. None of the Defendants have provided proof and evidence that any of them loaned Plaintiff any money. There is only a Promissory Note, in which Plaintiff provided in order to fund the alleged account. None of the Defendants, nor the United States have proved any loss. If there is any guarantee, it is in the value of the Promissory Note, and not in anything that the Defendants and United States provided.

17. Once Plaintiff made demand that Defendants not call her, the federal statute makes it a violation to ignore the demand. Defendants ignored the demand and made calls to Plaintiff.

   B. **Guaranty Agencies and The Higher Education Act**

18. In *Rowe v. Educational Credit Management Corp.*, No. 07-35046 (D. Or. decided March 18, 2009), Rowe sued ECMC in federal district court, alleging violations of the FDCPA, 15 U.S.C. §§ 1692e(2), 1692e(5), 1692f(1), 1692f(6), the Oregon

Unfair Debt Collection Practices Act ("OUDCPA"), Or.Rev.Stat. § 646.639, and Oregon law of conversion. ECMC moved to dismiss Rowe's FDCPA claim under Rule 12(b)(6) for failure to state a claim. ECMC contended that its collection activity was not covered by the FDCPA because it was "incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F)(i). In the alternative, ECMC contended that its collection activity was not covered because it "concern[ed] a debt which was originated by" ECMC. Id. § 1692a(6)(F)(ii). Rowe was reversed on appeal.

19. The Ninth Circuit found that a student loan guaranty agency, like ECMC, is not exempt from liability under the "Government Actor" exemption to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6)(C), *Brannan v. United Student Aid Funds*, 94 F.3d 1260 (9th Cir. 1996). **Defendant Navient was the guaranty agency; Defendant ECMC was the debt collector** not a bona fide fiduciary. The collection activity alleged in this case was not "incidental to" that obligation within the meaning of the FDCPA because the Defendant acted solely as a collection agent.

## II. ARGUMENT

### A. LEGAL STANDARD

"Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa. 1964). Motions to Dismiss are not favored and are granted only when it appears to a

certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Currier v. Doran*, --- F.3d --- (10th Cir. 2001), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).

The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007), reiterated that a motion to dismiss for failure to state a claim cannot be granted merely because the factual allegations are not believed. Instead, the factual allegations must be taken as true when evaluating a motion to dismiss. More pointedly, a plaintiff that has a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that recovery is very remote and unlikely.'" That said, and although embracing *Conley*'s "no set of facts" standard, *Twombly* found that it is not up to the judge to turn a frivolous claim into a substantial one by imagining facts that are not present in the complaint. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

> "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S., 41, 45-46, 78 S.Ct. 99.

> "it is virtually impossible logically to distinguish among 'ultimate facts,' 'evidence,' and 'conclusions.' Essentially any allegation in a pleading must be an assertion that certain occurrences took place. The pleading spectrum, passing from evidence through ultimate facts to conclusions, is largely a continuum varying only in the degree of particularity with which the occurrences are described." Weinstein & Distler, Comments on Procedural Reform: Drafting Pleading Rules, 57 Colum. L.Rev. 518, 520-521 (1957).

See also Cook, Statements of Fact in Pleading Under the Codes, 21 Colum. L.Rev. 416, 417 (1921) ("[T]here is no logical distinction between statements which are grouped by the courts under the phrases 'statements of fact' and 'conclusions of law'"). Rule 8 was directly responsive to this difficulty. Its drafters intentionally avoided any reference to "facts" or "evidence" or "conclusions." See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 207 (3d ed.2004) ("The substitution of 'claim showing that the pleader is entitled to relief for the code formulation of the facts' constituting a 'cause of action' was intended to avoid the distinctions drawn under the codes among 'evidentiary facts,' 'ultimate facts,' and 'conclusions' ...").

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.*" Id., Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (emphasis added).

Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial. See *Swierkiewicz v. Sorema N.A.*, 534 U.S., 506, 514, 122 S.Ct. 992 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Charles E. Clark, the "principal draftsman" of the Federal Rules, put it thus:

> "Experience has shown ... that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function. We can expect a general statement distinguishing the case from all others, so that the manner and form of trial and remedy expected are clear, and so that a permanent judgment will result." The New Federal Rules of Civil Procedure: The Last Phase — Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A.J. 976, 977 (1937).

In *Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.*, 108 F.2d 302 (C.A.8 1940), the court viewed the Federal Rules — specifically Rules 8(a)(2), 12(b)(6), 12(e) (motion for a more definite statement), and 56 (motion for summary judgment) — as reinforcing the notion that "there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." 108 F.2d, at 306. The court refuted in the strongest terms any suggestion that the unlikelihood of recovery should determine the fate of a complaint: "No matter how improbable it may be that she can prove her claim, she is entitled to an opportunity to make the attempt, and is not required to accept as final a determination of her rights based upon inferences drawn in favor of the defendant from her amended complaint." *Ibid.*

In order to prevail on a motion to dismiss, the moving party must satisfy three prerequisites. "First, there may be no question of fact which might allow the defense to succeed.... Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed.... Third, plaintiff must show that it is prejudiced by the inclusion of the defense." *County Vanlines Inc.*

*v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 153 (U.S.D.C. S.D. N.Y. 2002); *Estee Lauder, Inc.*, 189 F.R.D. at 271-72.

Defendant ECMC here has failed to meet these 3 prerequisites.

First: It has yet to be determined if the defenses will succeed. There are questions of fact pending, as discovery may show.

Second: There are substantial questions of law, i.e. whether Plaintiff has a private right of action under Section 1681s-2(b). Does the Fair Credit Reporting Act apply to ECMC? Does the Fair Debt Collection Practices Act apply to ECMC? Does the FDE have the ability to enforce a fraudulent agreement? Does 15 U.S.C. 1692 seq. prohibit a debt collector from collection action if it has not properly validated the alleged debt? Etc. "Fraud vitiates the most solemn Contracts, documents and even judgments" *U.S. v. Throckmorton*, 98 US 61, 65 (1878)

Third: Plaintiff will be prejudiced by the defenses, as the defenses relate to credit, loans and the collection process in enforcing an alleged agreement or contract, and proper reporting of debt with credit reporting agencies. Plaintiff is prejudiced because there are derogatory remarks, or the lack of required remarks, reported on Plaintiff's credit report.

When deciding a motion for judgment on the pleadings pursuant to Rule 12(c), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007);

*Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *Ward v Hudnall*, 366 F.2d 247 (5th Cir. 1966). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974). If admitted and taken as true, the allegations of the complaint do state a claim upon which relief can be granted.

On a motion for judgment on the pleadings, "all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party." *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). "[A]ll reasonable inferences" must be made "in favor of the nonmoving party." *Mediran v. International Ass'n of Machinists and Aerospace Workers*, No. 09-0538 TEH, 2011 WL 2746601, at *2 (N.D. Cal. July 14, 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005).

As to Defendant ECMC's claim that "the entire Complaint is insufficiently pleaded…", pro-se litigants' complaints pleadings and other papers are exempt from dismissal regarding form and not substance. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam).

## B. FCRA Claims

Plaintiff brought Count 2 against ECMC pursuant to 15 U.S.C. § 1681s–2(b)(1) which requires a furnisher of information to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA. In its article, the FTC stated that "If a consumer notifies a furnisher, at an address specified by the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. Section 623(a)(1)(B)."[1] Section 623(a)(3) of the FCRA concerns the reporting of information to consumer reporting agencies once the consumer has notified the furnisher that information is disputed. That section states that when a consumer disputes the completeness or accuracy of any information furnished to a consumer reporting agency, the information in question <u>may not then be furnished without notice that it is disputed by the consumer.</u> That provision addresses the furnisher's obligation only when the furnisher continues to report disputed information. The statute is silent on the matter of the furnisher ceasing to report information while it is investigating the dispute. It is thus the opinion of the Commission staff that a furnisher temporarily ceases to report disputed information while it investigates the matter, and then either (1) corrects the information if its investigation results in agreement with the consumer or (2) reports the item as disputed by the consumer where that

---

[1] https://www.consumer.ftc.gov/articles/pdf-0092-notice-to-furnishers.pdf

is the result of the investigation, would comply with Section 623(a).[2] Plaintiff has not alleged that ECMC is a CRA. Under section 623(a)(3), after receiving a notice of dispute from a consumer, Furnishers are <u>required to meet a disclosure requirement</u> by providing a notice of dispute to the CRAs within a timely manner. However, ECMC failed to meet this condition of disclosure by not placing a "notice of dispute" on Plaintiff's alleged account within the (30) day time period.

Regardless of the results of its investigation, the furnisher must report back to any CRA that notified it of the dispute. See *Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009) (citing 15 U.S.C. § 1681s–2(b)(1)(C)). "If the investigation results in a finding that [the furnisher] provided incomplete or inaccurate information to the CRA, then it must report the results of its investigation to all other CRAs that received such incomplete or inaccurate information." Id. (citing 15 U.S.C. § 1681s–2(b)(1)(D)).

Defendant ECMC is incorrect in its claim that there is no private right of action under the FCRA.

Even though 15 U.S.C. §1681s-2a (8)(E) contains no private right of action, furnishers must comply with the statute, which states in relevant part:

> **(E) Duty of person after receiving notice of dispute** After receiving a notice of dispute from a consumer pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall—
> (i) conduct an investigation with respect to the disputed information;

---

[2] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-harvey-12-23-97

**(ii)** review all relevant information provided by the consumer with the notice;

**(iii)** complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 1681i(a)(1) of this title within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and

**(iv)** if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

and (D) states:

**(D)Submitting a notice of dispute** A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that—
**(i)** identifies the specific information that is being disputed;
**(ii)** explains the basis for the dispute; and
**(iii)** includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.

## Notice of Dispute - Private Right of Action

In Plaintiff's TAC, page 7, paragraphs 12 and 14, she shows that she made the allegation that she sent ECMC a Notice of Dispute. Plaintiff also alleges that her credit reports, in reflecting the results of an investigation, the CRAs had in deed notified ECMC of the results of that investigation.

Plaintiff has not made a claim under 15 U.S.C. 1681s-2(a)(3).

Plaintiff's claims against ECMC are in the nature of furnishers of information. i.e Section 623(a)(1)(B), 623(b)(1) and 611(a)(2). Claims are also in the nature of debt collector. i.e. 15 U.S.C. §1692e(8). Claims are also in the nature of 47 U.S.C. §227(b).

15 U.S.C. §1681n and §1681o, create a private right of action for consumers to

bring against violators of any provision of the FCRA with regard to their credit. *Gorman v. Walpoff & Abramson*, 584 F.3d 1147, 1154 (9th Cir. 2009) In *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296, 1300 (D.N.M. 2000) the Court confirmed that "…the plain language of [15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have wilfully or negligently fail to perform their duties upon notice of a dispute…there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." Id. 1300. Consequently, a consumer possesses a private right of action against a furnisher of information for damages for violation of its § 1681s-2(b) reinvestigation duties.

Finally, in *Gorman*, *supra*, the Ninth Circuit held that the FCRA does <u>not</u> preempt state law, nor its private enforcement provisions, finding "the likely purpose of the express exclusion was precisely to permit private enforcement of these provisions." Following the original *Gorman* decision, California's Second District Court of Appeal in *Sanai v. Saltz* also rejected *Liceaga* and followed *Gorman*.

A consumer has a private right of action to claim violations under 15 U.S.C. 1681s-2(b) when alleging that she contacted a CRA to notify them of the dispute, the CRA determined the claim was viable, the CRA contacted the furnisher of the inaccurate credit report, and that the furnisher failed to take remedial measures outlined in the statute. The CRAs contacted ECMC (furnisher), and ECMC failed to take remedial measures.

**Dispute from a Consumer Reporting Agency**

The September 21, 2017 Equifax credit report shows that Equifax contacted ECMC regarding the dispute. This evidence will be provided during the disclosure and discovery process.

Section 623(b)(1) of the FCRA requires furnishers of information to conduct an investigation when the furnisher receives a notice of dispute from a CRA in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2). Furnishers are required, under the Fair Credit Reporting Act, to conduct the investigation and notify the <u>consumer</u> of the results within 30 days of the request. See Section 623a(8)(E). Defendant's response was inadequate to comply with this requirement.

Section 623(a)(3) of the FCRA concerns the reporting of information to consumer reporting agencies once the consumer has notified the furnisher that information is disputed. That section states that when a consumer disputes the completeness or accuracy of any information furnished to a consumer reporting agency, the information in question may not then be furnished without notice that it is disputed by the consumer. That provision addresses the furnisher's obligation only when the furnisher continues to report disputed information. The statute is silent on the matter of the furnisher ceasing to report information while it is investigating the dispute. It is thus the opinion of the Commission staff that a furnisher temporarily ceases to report disputed information while it investigates the matter, and then either (1) corrects the information if its investigation results in agreement with the consumer or (2)

reports the item as disputed by the consumer where that is the result of the investigation, would comply with Section 623(a).[3]

Under section 623(a)(3), after receiving a notice of dispute from a consumer, Furnishers are required to meet a disclosure requirement by providing a notice of dispute to the CRAs within a timely manner. However, ECMC failed to meet this condition of disclosure by not placing a "notice of dispute" on Plaintiff's account within the (30) day time period.

### C. FDCPA Counts 3 and 4 Claims

#### 1. ECMC is a Debt Collector

Guaranty Agencies are sometime not exempt.

The factual underlying allegation that ECMC is a debt collector is a nationally known fact.[4]

Yes, it is fundamental that the FDCPA applies only to debt collectors, which ECMC is one. NAVIENT is the servicer, not ECMC.

> "We hold that USA Funds is subject to the FDCPA. The FDCPA proscribes abusive collection practices by 'any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' The FDCPA does not provide an exemption for guaranty agencies that acquire a student loan after default in order to pursue its collection."
> *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1262 (9th Cir.1996)
>
> "We hold that while a 'guaranty agency' owes a fiduciary obligation to the DOE under the HEA, the collection activity alleged in this case was not 'incidental to' that obligation within the meaning of the FDCPA because the defendant acted solely as a collection agent."
> *ROWE v. EDUCATIONAL CREDIT MANAGEMENT CORP.*, 730

---

[3] https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-harvey-12-23-97
[4] https://en.wikipedia.org/wiki/Educational_Credit_Management_Corporation

F.Supp.2d., 1285 (D.Or. 2010)

### 2. ECMC does not fall within the exception

ECMC contracts with the Florida Department of Education (FDE) to collect on its defaulted student loans. This qualifies ECMC as a debt collector because it is a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See *Brannan*, supra.

ECMC does not fall within the "bona fide fiduciary" exception under 15 U.S.C. 1692a(6)(F)(i).

### 3. Plausible allegation - Failure to Describe

Student loans are consumer debts, which Plaintiff adequately plead in her complaint.

Plaintiff has plead sufficiently in her complaint that Navient is a guaranty agency and ECMC is a debt collector. The allegations are clear in that Plaintiff claims that ECMC has made attempts to collect on the alleged debt by making unauthorized phone calls to Plaintiff and reported derogatory information on Plaintiff's credit report.

### D. TCPA Counts 7 and 8 Claims

Plaintiff contends that she does not owe any money to the United States, nor is any money guaranteed by the United States that would be owed by Plaintiff. Plaintiff obtained call log from Verizon and will provide during disclosure and discovery proceedings. The recorded calls show the time, date and nature of

all calls. Plaintiff made factual allegations in her complaint that can be plausibly determined. i.e the recording is clearly automated.

Regarding the FFELP (and the Budget Act), see Plaintiff's argument above.

### E. Standing for Injunctive Relief

The failure to report adequately, and making unauthorized calls, is more than speculative. The injuries can be redressed in favor of Plaintiff since there is a strict liability law protecting consumers' rights. Plaintiff sent ECMC a demand in writing to stop calling her. ECMC failed to comply. Injunctive Relief has been requested in other cases similar to the present case. Cf. *Minner v. Equifax, Inc.*, USDC, Northern District of California, 3:16-cv-05696 & 4:16-cv-05690, which have been filed by an attorney. There is real and immediate threat of injury in that Plaintiff's credit is damaged, and she cannot obtain loans or credit, or qualify for leases/rentals. This is not speculative. Unauthorized phone calls have been document and detailed in her Verizon call log.

### III. CONCLUSION

Plaintiff requests that this Court deny ECMC's Motion.

Respectfully submitted this ___15___ day of ___February___, 2021.

_____
Sandra K. Dressler, Plaintiff, In Pro Per
3823 SE 11th Place, Unit 1
Cape Coral, FL 33904
239-745-0032