UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

     Plaintiff,

                                   CASE NO.: 2:18-cv-00311-UA-CM

vs.

U.S. DEPARTMENT OF EDUCATION;
BETSY DEVOS, in her official capacity
As Secretary of the U.S. Department of Education;
FLORIDA DEPARTMENT OF EDUCATION;
NAVIENT CORPORATION; NAVIENT
SOLUTIONS, LLC.; EDUCATION CREDIT
MANAGEMENT CORPORATION; PIONEER
CREDIT RECOVERY, INC.; EQUIFAX INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and Does 1-10,

     Defendants.
_____/

**DISPOSITIVE MOTION FOR JUDGMENT ON THE PLEADINGS
BY DEFENDANT, FLORIDA DEPARTMENT OF EDUCATION**

     Defendant, Florida Department of Education ("FDE") pursuant to Federal Rule of

Civil Procedure 12(c), files this Dispositive Motion for Judgment on the Pleadings, and

pursuant to Rule 10(c) adopts significant parts of the Dispositive Motion for Judgment on

the Pleadings by Defendant, Education Credit Management Corporation ("ECMC")

(Doc. 141) and in support states:

**I.     Brief Procedural Background.**

     1.     On May 24, 2018, Sandra K. Dressler ("Plaintiff"), *pro se,* filed a Verified

Complaint against several defendants, including FDE, alleging various federal statutory

1

and common-law claims arising from allegedly-unlawful attempts by the defendants to collect student loan debts. FDE and its co-defendants moved to dismiss on multiple legal grounds; including, but not limited to, that the Verified Complaint constituted a shotgun pleading. The Verified Complaint was dismissed by the Court as a shotgun pleading, and Plaintiff was granted leave to amend. (Doc. 61.)

2.     On September 5, 2018, Plaintiff filed her Amended Complaint (Doc. 65). The Court subsequently granted Plaintiff's request to file a Second Amended Complaint. (Doc. 73.)

3.     Plaintiff filed a Second Amended Complaint (Doc. 75) on October 4, 2018. FDE and its co-defendants moved to dismiss yet again on several grounds; including, *inter alia*, the Second Amended Complaint remained a shotgun pleading. On August 8, 2019, the Court dismissed Plaintiff's Second Amended Complaint with a final opportunity to amend. (Doc. 84.)

4.     On January 16, 2019, Plaintiff filed the Third Amended Complaint (Doc. 88) (hereinafter, the "Complaint") again alleging statutory and common-law debt-collection-related claims.[1] FDE moved to dismiss the Complaint (Doc. 101) ("FDE's Motion") on several, independent, legal and substantive grounds, including that the Complaint fails to state a claim against FDE under the Fair Debt Collection Practices Act (FDCPA) and Fair Credit Reporting Act (FCRA). Eleventh Amendment Immunity was also raised as a bar to the Complaint. The other defendants similarly moved to dismiss.

---

[1] FDE is named as a defendant only in Counts 2, 4, 7, 8 and 9.

5.  On April 1, 2019, the Court entered an Opinion and Order (Doc. 108) granting, in part, ECMC's Motion (Doc. 102) and FDE's Motion to Dismiss (Doc. 101) to the extent they sought dismissal of the Complaint as a shotgun pleading and dismissing Counts II-IV and VII-IX with prejudice ("Dismissal Order"). The Court separately found that Counts V and VI, which were asserted against defendant Pioneer Credit Recovery, Inc. only, failed to state a claim under the FDCPA and dismissed them with prejudice.

6.  On April 6, 2019, Plaintiff appealed the Dismissal Order.

7.  On March 16, 2020, the Eleventh Circuit Court of Appeals entered its Opinion and Order (Doc. 117), which affirmed dismissal with prejudice of Counts V and VI of the Third Amended Complaint, while reversing the dismissal of Counts II-IV and VII-IX of the Third Amended Complaint on shotgun pleading grounds.

8.  On April 17, 2020, this Court entered its Order (Doc. 119) reopening the case, deeming counts 5 and 6 of the Third Amended Complaint stricken, and ordering defendants who had not already done so to file an answer to the Third Amended Complaint.

9.  On May 18, 2020, FDE filed its Answer to the Third Amended Complaint (Doc. 127) generally denying its allegations and raising sixteen affirmative defenses. Of them, the following affirmative defenses are particularly relevant to this Motion:

First - Plaintiff's Complaint fails to set forth facts sufficient to state a claim against FDE for which relief can be granted;

Fourth - the FDCPA does not apply as against FDE;

Fifth - FDE is a student loan guaranty agency with a fiduciary duty to the Office of Student Financial Assistance ("OSFA") which operates under the Federal Family Education Loan Program ("FFELP") and has a statutory duty to attempt to avert the default of Plaintiff's student loans issued to her under the FFELP, which was established pursuant to the Higher Education Act of 1965 ("HEA"), 20 U.S.C. 1071, et. seq.; therefore FDE is not subject to the FDCPA;

Sixth - FDE is not a "debt collector" within the meaning of the FDCPA;

Seventh - FDE is a guarantor of two of the Plaintiff's loans in the FFELP and as a guaranty agency, FDE carried out its fiduciary duties to the United States Department of Education, and any calls by FDE to Plaintiff were made solely pursuant to the duty of default prevention and servicing of debts owed to or guaranteed by the United States; thus, the TCPA specifically bars Plaintiff's claims for violation of the Act, and any calls by FDE to Plaintiff's cellular telephone seeking to collect debts owed to the federal government are exempt from the TCPA and not actionable; and

Eighth – Eleventh Amendment Immunity bars Plaintiff's claims against the FDE under the FCRA and the TCPA. Eleventh Amendment Immunity confers immunity from suit, not just from liability. The Plaintiff cannot demonstrate any waiver by Congress or the State of Florida of its Eleventh Amendment Immunity.

## II.     Factual Allegations in the Complaint.

10. The Florida Department of Education hereby adopts the Factual Allegations in the Complaint which are set forth in co-defendant ECMC's Motion For Judgment on the Pleadings (Doc. 141).

### III. The Claims Alleged by Plaintiff.

11. Though the Complaint is vague and confusing, the Plaintiff appears to allege, at Count 2, that ECMC violated the Fair Credit Reporting Act at 15 U.S.C. § 1681s-2(b), by failing to timely notify the CRAs of the dispute relating to her credit file and failing to either meaningfully investigate the dispute or to investigate at all. (Complaint, ¶¶ 47-59.)

12. In Count 4, she contends that FDE also violated the FDCPA, 15 U.S.C. § 1692d(5), because, she alleges, "[c]ollectively, NC, FDE and ECMC, called Plaintiff's telephone in excess of 25 times". (Complaint, ¶¶ 63-64.)

13. In Counts 7 and 8, she alleges that FDE and others violated the Telephone Consumer Protection Act ("TCPA"), at 47 U.S.C. § 227(b)(3) and § 227(b)(1)(A), by calling her cellular telephone using an automatic dialing system without her consent. (Complaint, ¶¶ 72-73.)

14. In Count 9, Plaintiff alleges that FDE did not use its own money to fund her student loans, and therefore does not have standing to claim the right to recover the funds, and by attempting to do so, acted ultra vires to the alleged contract, which constitutes fraud.  (Complaint, ¶¶ 74-76.)

15. In addition to these statutory and fraud claims, she also asks the Court to grant her a broad range of relief, including an injunction against all defendants

(Complaint, ¶ 78), damages, and rescission of contracts, among other things. *See* "wherefore" clause of Complaint.

16.     Finally, Plaintiff repeatedly and generally alleges that she "has and will continue to suffer damages as shown herein" but nowhere in the Complaint does she identify any particular harm that she has incurred. (Complaint, ¶¶ 59, 62, 64.)

17.     Judgment on the pleadings should be entered in favor of FDE because each of Plaintiff's claims fail as a matter of law. Though the entire Complaint is insufficiently pleaded, the clear pleading deficiencies should not overshadow the fact that no issues of material fact are in dispute and FDE is entitled to judgment as a matter of law based on the pleadings.

18.     Plaintiff's own Complaint contradicts and refutes her alleged claim under § 1681s-2(b) of the FCRA. Plaintiff's FCRA claim fails due to omitted key elements required to state an FCRA claim, specifically, that a reasonable investigation would have revealed the existence of inaccurate information. To the extent Plaintiff attempts to allege a claim under § 1691s-2(a) of the FCRA, that claim fails because no private right of action exists for alleged violations of § 1691s-2(a).

19.     FDE is entitled to judgment on the pleadings on Plaintiff's FDCPA claims because FDE is a guaranty agency that seeks to collect its own debt and is not a "debt collector" as statutorily defined. Even if FDE was somehow considered a debt collector under the FDCPA, FDE falls squarely within the FDCPA's "bona fide fiduciary" exception of the FDCPA. Either way, the FDCPA simply does not apply.

20.     FDE is entitled to judgment on the pleadings on Plaintiff's TCPA claims because the government-debt exception to the TCPA applies to each of the alleged calls made by FDE. As such, those calls are outside the scope of the TCPA and FDE cannot be subject to any TCPA liability.

21.     FDE is entitled to judgment on the pleadings on the Breach of Contract – Fraud claim because the Complaint fails to adequately plead a claim.  Rule 9(b).

WHEREFORE, Defendant, Florida Department of Education respectfully requests that this Court enter judgment on the pleadings in its favor on Counts 2, 4, 7, 8 and 9 of Plaintiff's Third Amended Complaint and provide such other and further relief as this Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

### I.     JUDGMENT ON THE PLEADINGS IS PROPER UNDER RULE 12(C).

A party may move for judgment on the pleadings at any time after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriately granted when no issues of material fact are in dispute and the moving party is entitled to judgment based on the pleadings. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). In addition to considering the properly pleaded allegations in a complaint, on a motion for judgment on the pleadings, the court may consider any documents incorporated into the complaint by reference. *State Farm Fire & Cas. Co. v. Lacks*, 840 F. Supp. 2d 1292, 1294 (M.D. Ala. 2012). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be

proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

## II.   ARGUMENT.

### A. FDE is entitled to judgment on the pleadings on Count 2 of the Complaint for alleged violations of the Fair Credit Reporting Act.

In general, to state a claim under § 1681s-2(b) of the FCRA, a consumer must notify a CRA of a dispute regarding the information it reported; the consumer must allege that the CRA notified the furnisher of the dispute, which triggers the furnisher's duty to investigate; and finally, the consumer must allege facts showing that the furnisher did not conduct a reasonable investigation of the disputed information. *See* §1681s-2(B). FDE is entitled to judgment on the pleadings on the FCRA claim because (1) the exhibits to the complaint refute Plaintiff's FCRA claims; and (2) plaintiff has entirely omitted from the Complaint certain required factual allegations to state any claim under the FCRA.

#### i.   Plaintiff's own Exhibits to the Third Amended Complaint contradict and completely refute her FCRA claim.

To the extent Plaintiff attempts to plead a cause of action for FDE's alleged violation of the FCRA at § 1691s-2(b), Plaintiff's own exhibits to the Complaint contradict and completely refute her claims. In Count 2 of the Complaint, Plaintiff makes conclusory allegations that FDE failed to conduct an investigation of her accounts and to report the results of that investigation to the credit reporting agencies. (Complaint, ¶¶ 47-59.) Plaintiff is wrong.

Plaintiff's credit report, attached to the Complaint as Exhibit G, does not show FDE making any report.  Said Exhibit demonstrates that of the various entities that

reported, FDE not being one of them, ECMC, which is the other student loan guaranty agency, investigated Plaintiff's accounts, reported the results of the investigation to Equifax, and reported that she disputed the account. (Doc. 92, PageID 703, 707, 709, 715, 716 and 722.) Under the section of Plaintiff's credit report titled, "*The Results of Our Reinvestigation*", the following results are provided for every account reported by ECMC:

> *>>> **We have researched the credit account. Account# - 786055"' The results are:** This creditor has verified to OUR company that the current status is being reported correctly. This creditor has verified to OUR company that the prior paying history is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Ecmc, 1 Imation Pl, Oakdale MN 55128-3421**

and

> … ADDITIONAL INFORMATION – **Consumer Disputes This Account Information**; Collection Account; Student Loan; Fixed Rate

(Doc. 92, PageID 703, 707, 709, 715, 716 and 722) (emphasis added). The mere fact that Plaintiff is unhappy about the results of Co-Defendant ECMC's investigation is not sufficient to support a claim against ECMC under the FCRA.

As for FDE, Plaintiff's Exhibit shows that FDE did not report information.  Thus, Count 2 claiming violation of the FCRA does not apply to FDE.

When exhibits to a complaint contradict the general and conclusory allegations within that complaint, the exhibits govern. *Griffin Industries, Inc. v. Irvin*, 496 F. 3d 1189 (11th Cir. 2007); *See also Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits

thereto, it is well settled that the exhibits control.").[2] When exhibits attached to the complaint reveal facts which foreclose recovery as a matter of law, dismissal of the complaint is appropriate. *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). It is undisputed that Plaintiff's credit report plainly reflects that FDE did not report to that credit reporting agency. As such, judgment on the pleadings in favor of ECMC is warranted and appropriate.

### ii.  Plaintiff fails to state a claim against FDE under the FCRA.

FDE is also entitled to judgment on the pleadings on Plaintiff's FCRA claim in Count 2 because Plaintiff omitted certain required factual allegations to state a claim under § 1691-2(b). FDE hereby adopts the argument made by ECMC in its Motion for Judgment on the Pleadings (Doc. 141, Page ID 1115) as if fully set forth herein.

### iii.  To the extent Plaintiff attempts to allege an FCRA claim under § 1691s-2(a), FDE is entitled to judgment on pleadings as a matter of law, because no private right of action exists under § 1691s-2(a).

FDE hereby adopts the argument made by ECMC in its Motion for Judgment on the Pleadings (Doc. 141, Page ID 1117 as if fully set forth herein.

### B. FDE is entitled to judgment on the pleadings on Count 4 of Plaintiff's Complaint, for alleged violations of the FDCPA.

In general, to state a claim for relief under the FDCPA, a plaintiff must allege and prove sufficient facts that (1) she has been the subject of an attempt to collect a consumer debt; (2) the defendant is a debt collector, as defined by the FDCPA; and (3) the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

defendant engaged in an act or omission proscribed by the FDCPA. *Fuller v. Becker &
Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

> **i. FDE is a "guaranty agency" that is not subject to the FDCPA because
> guaranty agencies are not "debt collectors" as defined by the FDCPA.**

FDE is entitled to judgment on the pleadings in its favor because it is not subject

to the FDCPA at all. This truth is brought out in ECMC's Motion (Doc. 141), and re-

stated here. The FDCPA only applies to debt collectors, as defined by the FDCPA.

*Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1166 (N.D. Ala. 1999), *aff'd*

208 F.3d 945 (11th Cir. 2000). The FDCPA defines a "debt collector" as any business

whose principal purpose is the collection of any debts or who regularly collects or

attempts to collect debts of another. 15 U.S.C. § 1692a(6). ECMC, however, is a

"guaranty agency", not a "debt collector".

In support of her claims, Plaintiff alleges that she "executed, and delivered,

Promissory Notes to Defendants DOE and FDE", and that "ECMC is currently the entity

that contracts with FDE for the servicing of student loans". (Complaint, ¶¶ 7, 25.) Copies

of the Promissory Notes (with personal identifying information redacted) are attached to

ECMC's Motion (Doc. 141) as **Exhibit "1"**.[3] In 2007 and 2008, Plaintiff executed the

Promissory Notes memorializing student loans issued to her under the Federal Family

---

[3]Exhibit 1 is adopted and incorporated in this Motion.  The Court may consider the Promissory Notes,
given that the Complaint references the Promissory Notes (Complaint, ¶ 25) and relies on the student loan
debt incurred by Plaintiff as the basis for FDE's and ECMC's collection activity. *See State Farm Fire &
Cas. Co. v. Lacks*, 840 F. Supp. 2d 1292, 1294 (M.D. Ala. 2012) ("In addition to considering the properly
pleaded allegations in a complaint, the court may consider on a motion for judgment on the pleadings any
exhibits attached to the complaint as well as documents incorporated into the complaint by reference, and
matters of which a court may take judicial notice."). Plaintiff cannot in good faith challenge either the
authenticity of the Promissory Notes or that FDE's or ECMC's communications with Plaintiff and
wrongful actions alleged in the Complaint were regarding Plaintiff's resulting student loan obligations.

Education Loan Program ("FFELP"). The Promissory Notes provide that loans disbursed under them are "subject to the Higher Education Act of 1965, as amended (20 U.S.C. § 1070, *et seq*.) and applicable U.S. Department of Education regulations."

The FFELP was established pursuant to the Higher Education Act of 1965 (the "HEA"), 20 USC § 1071, *et seq. Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004) ("Title IV of the HEA authorizes the Secretary of Education to administer several federal student loan and grant programs, including the Federal Family Education Loan Program (the Stafford Loan Program) [...]. Under these programs, lenders make guaranteed loans under favorable terms to students and their parents, and these loans are guaranteed by guaranty agencies and ultimately by the federal government.").

Under the FFELP, student loans are guaranteed by either a state agency or non-profit organization "that has an agreement with the Secretary under which it will administer a loan guaranty program under the Act." 34 C.F.R. § 682.200; 20 U.S.C. § 1072(a)(1). These "guaranty agencies" enter into agreements with the Department of Education that set forth "such administrative and fiscal procedures as may be necessary to protect the United States from the risk of unreasonable loss thereunder, to ensure proper and efficient administration of the loan insurance program, and to assure that due diligence will be exercised in the collection of loans insured under the program [...]." 20 U.S.C. § 1078(c)(2); *see also* 34 C.F.R. § 682.404.

The Eleventh Circuit, along with numerous sister circuits, has explicitly held that ECMC is a "guaranty agency", i.e. a not-for-profit corporation which acts as a guarantor

of federal student loans under the HEA. *See, e.g.*, *Bennett v. Premiere Credit of North America*, 504 Fed. Appx. 872, 877 (11th Cir. 2013) ("[W]e agree with the district court that ECMC qualifies as a guaranty agency under the HEA, and is therefore engaged in a fiduciary relationship with the DOE.");[4] *Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 798 (7th Cir. 2006) (stating that ECMC is a "non-profit corporation that acts as a guarantee agency"); *Pelfrey v. Educational Credit Management Corporation*, 71 F.Supp.2d 1161, 1180 (N.D. Ala. 1999), *aff'd* 208 F.3d 945 (11th Cir. 2000) (court determined ECMC was guaranty agency under the Federal Family Education Loan Program); *Freeman v. Great Lakes Educ. Loan Servs.*, No. 3:12cv331/MCR/CJK, 2013 U.S. Dist. LEXIS 75130, at *13-14 (N.D. Fla. Apr. 22, 2013) ("Ample precedent holds that ECMC is not subject to an action for violation of the Fair Debt Collection Practices Act (FDCPA)."); *Matthews-Hamad v. Educ. Credit Mgmt. Corp. (In re Matthews-Hamad),* 377 B.R. 415, 418 (Bankr. M.D. Fla. 2007) ("Educational Credit Management ('ECMC') is a private nonprofit student loan guaranty, governed by the [HEA] at 20 U.S.C. section 1061 *et. seq.*").

The above analysis applies to FDE.  The principal purpose of ECMC, or any guaranty agency, such as FDE, is not the collection of debts nor does ECMC, FDE or any guaranty agency, regularly collect debts for another. Rather, the principal purpose of a guaranty agency is the administration of the FFELP as dictated by extensive Federal Regulations. *Pelfrey*, 71 F.Supp.2d at 1163; *Cadiz v. Educational Credit Management*

---

[4] While not binding precedent, unpublished decisions by the Eleventh Circuit are persuasive authority. *See* 11th Cir. Local Rule 36-2.

*Corp.*, 2019 WL 4254484, *3 (N.D. Ill. Feb. 21, 2019); *see also* 34 C.F.R. §§ 682.401-.402, 682.404, 682.410-.411.

Furthermore, like ECMC, FDE does not collect debts on behalf of third parties; instead, like ECMC, FDE collects debt on behalf of itself – it is therefore exempt from the FDCPA altogether. *Freeman*, 2013 U.S. Dist. LEXIS 75130, at *13-14.  FDE hereby adopts the citations of ECMC in its Motion for Judgment on the Pleadings (Doc. 141, Pages 1118 – 1121) as if fully set forth herein.

FDE is collecting its own debt as the current holder of the obligation. Accordingly, it is not a 'debt collector' under the FDCPA." *Freeman*, 2013 U.S. Dist. LEXIS 75130, at *17 (N.D. Fla. Apr. 22, 2013).  As a result, there is no genuine issue of fact and FDE, like ECMC, is entitled to judgment on the pleadings in its favor on the FDCPA claim as a matter of law.

### ii. FDE is entitled to judgment on the pleadings because FDE falls within the FDCPA's "bona fide fiduciary" exception.

FDE hereby adopts the argument made by ECMC in its Motion for Judgment on the Pleadings (Doc. 141, Pages 1112) as if fully set forth herein.  FDE is outside the ambit of the FDCPA because it falls squarely within the "bona fide fiduciary" exception to the FDCPA set forth at 15 U.S.C. § 1692a(6)(F)(i). The FDCPA expressly excepts from the term "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." 15 U.S.C. § 1692a(6)(F)(i). As a guaranty agency, FDE has a fiduciary relationship with the

Department of Education for the purpose of the FFELP. 34 C.F.R. § 682.419(a) ("The guaranty agency must exercise the level of care required of a fiduciary charged with the duty of protecting, investing, and administering the money of others.").

As a result of this fiduciary relationship with DOE, the Eleventh Circuit has repeatedly held that ECMC falls within the "bona fide fiduciary" exception to the FDCPA. *Pelfrey v. Educational Credit Management Corp.*, 208 F.3d 945 (11th Cir. 2000) (holding that the FDCPA does not apply to ECMC because is a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity [...] is incidental to a bona fide fiduciary obligation." );[5] *Lima v. U.S. Dept. of Education*, 947 F.3d 1122 (9th Cir. 2020) (ECMC's collection activity was "incidental to" its fiduciary obligation to the DOE); *Bennett v. Premiere Credit of N. Am., LLC*, 504 F. App'x 872, 878 (11th Cir. 2013) ("ECMC's status as a guaranty agency, and therefore its fiduciary relationship to the DOE, is direct evidence that it satisfies the fiduciary relationship exemption and is not subject to the provisions of the FDCPA."); *Freeman v. Great Lakes Educ. Loan Servs.*, 2013 U.S. Dist. LEXIS 75130, at *16 ("Pursuant to the bona fide fiduciary obligation exception, ECMC is not subject to suit under the FDCPA."); *Seo v. Educational Credit Management Corporation*, 2016 WL 521065, *2 (N.D. Ill. February 9, 2016) ("Defendant is not subject to the FDCPA because, as a guarantor acting in a fiduciary relationship with the Department of Education, it does not fall under the definition of a debt collector."); *Montgomery v.*

---

[5] The district court in *Pelfrey* undertook a comprehensive analysis of the role of a guarantor of FFELP loans and concluded that Congress "exempted ECMC type guaranty agencies from liability under the FDCPA . . . ." *Pelfrey*, 71 F.Supp.2d at 1180.

*Educational Credit Mgmt. Corp*., 238 B.R. 806 (D. Minn. 1999) (holding that guaranty agencies, like ECMC, act incident to a fiduciary obligation when it attempts to collect on defaulted on student loans, and therefore, "the FDCPA does not apply to the actions of ECMC."); *Kuntz v. Educational Credit Management Corp.,* 2020 WL 1872332, *7 (taking judicial notice of the DOE's published list of guaranty agencies, which includes ECMC, finding that ECMC meets the two-part test for application of the § 1692a(6)(F)(i) exception, and entering judgment on the pleadings in ECMC's favor). The FDE, like ECMC is a guaranty agency, accordingly, the Plaintiff cannot allege any facts demonstrating that FDEis subject to the FDCPA, and judgment on the pleadings should be entered in FDE's favor.

### C. FDE is entitled to judgment on the pleadings on Plaintiff's TCPA claims in Counts 7 and 8 because the "government-debt exception" exempts FDE from TCPA liability.

FDE hereby adopts the argument, authority and citations made by ECMC in its Motion for Judgment on the Pleadings (Doc. 141, Page ID 1121 et seq.) as if fully set forth herein. The FCC has provided instructive commentary on the plain terms of the TCPA provisions, stating: "Sections 227(b)(1)(A) and (B) of the TCPA now explicitly *do not* make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, provided that the calls are 'made solely to collect a debt owed

to or guaranteed by the United States.'"[6] *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, 2016 WL 2759146, at *1 (F.C.C. May 6, 2016) (emphasis in original).

Courts have repeatedly found that consumers' alleged TCPA claims based on phone calls made to collect debts owed to or guaranteed by the government are precluded by the government debt exception of the TCPA. *Whalen v. Navient Sols., LLC*, No. 4:17-cv-00056-TWP-DML, 2018 U.S. Dist. LEXIS 38593, at *12 (S.D. Ind. Mar. 9, 2018) (dismissing TCPA claims against entity that sought to collect student loan debt that was guaranteed by the United States under its Federal Family Education Loan Program); *Schneider v. Navient Sols.,* LLC, No. 16-CV-6760 CJS, 2018 U.S. Dist. LEXIS 96125, at *18 (W.D.N.Y. June 6, 2018) (granting summary judgment on TCPAs claims in favor of defendant, a servicer of federal student loans, and holding that the student loan servicer was not subject to the restrictions contained in 47 U.S.C. § 227(b)(1)(A)(iii)); *Franklin v. Navient Corp.*, Civil Action No. 17-1640-RGA, 2019 U.S. Dist. LEXIS 150902, at *12 (D. Del. Sep. 5, 2019) ("In light of the fact Plaintiffs loan is guaranteed by the United States, all telephone calls made to him after the 2015 amendment are exempted by the TCPA."); *Tucker v. Pa. Higher Educ. Assistance Ag.*, No. 1:17-cv-267, 2018 U.S. Dist. LEXIS 185740, at *14 (W.D. Mich. May 10, 2018) (dismissing TCPA claim because "[t]he plain language of the statute is unambiguous: calls made solely to collect U.S.-guaranteed debts are exempt from TCPA coverage.").

---

[6] Nor, by logical extension, do they permit an individual to opt out of receiving such calls by revoking consent.

The government-debt exception to the TCPA applies to each of the alleged calls to Plaintiff in this case. As stated supra, FDE is a "guaranty agency" and has a fiduciary relationship with the Department of Education for the purpose of the FFELP. The FFELP, formerly known as "Guaranteed Student Loans," is the quintessential federal student loan program and is authorized under Title IV, Part B, of the HEA, 20 U.S.C. §§ 1071–1087.   FFELP was structured to encourage private lenders to make student loans to qualified borrowers of limited means, with the federal government serving as the backstop. *Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 308 (D.N.J. 1997).   The federal government's status as guarantor of FFELP student loans means those loans constitute a debt guaranteed by the United States. As such, any calls placed by FDE to the Plaintiff were to collect debts owed to or guaranteed by the government, and therefore, those calls are exempt from the TCPA.

Because Plaintiff seeks to recover for autodialed calls allegedly made by ECMC on her federally guaranteed FFELP loan from August 10, 2017 through September 12, 2017, and because such calls took place after the effective date of the 2015 Budget Act amendment to the TCPA and before the *Barr v. Am. Ass'n of Political Consultants* decision, FDE can have no liability under the TCPA as a matter of law.

**D. FDE is entitled to judgment on the pleadings on Plaintiff's Breach of Contract – Fraud claim in Count 9.**

The Plaintiff alleges that in order to validly collect a debt, a creditor must be a holder in due course, having invested its own money, in order to have standing.  She

alleges that FDE did not fund the loans with its own money, but rather Plaintiff's promissory notes funded the loans.  Therefore, it is alleged that FDE breached a contract by not disclosing that FDE did not use its own money, committing ultra vires, which constitutes fraud, and "fraud vitiates the most solemn contract."

Even if said allegations were true, or if they made sense, which they do not, Count 9 fails as a matter of law because Rule 9(b) of Civil Procedure requires that in alleging fraud, a party must state with particularity the circumstances constituting fraud to alert defendants to the precise misconduct with which they are charged and to protect defendants against spurious charges of fraudulent behavior.  *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1209-10 (11th Cir. 2001)(citing *Durham v. Bus. Magmt. Assocs.,* 847 F. 2d 1505, 1511 (11th Cir. 1988).  Rule 9(b) is complied with if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997). In other words, a plaintiff must adequately specify the fraudulent statements Plaintiff claims he/ she relied upon, including the location, time frame, and identity of those responsible for making the statements.  *Goldman v. Belden*, 754 F.2d 1059, 1069 (2d Cir. 1985); *DiVittorio v. Equidyne* Extractive *Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.

1987).

Plaintiff's Complaint, her third one, again fails to meet the pleading standards. Plaintiff does not state a single actual date, time, place, or manner upon which any certain misrepresentation or omission was made. The attempted sweeping generalization that FDE did not provide its own money, thus breached an alleged contract by not disclosing same, thus committing ultra vires acts, thus constituting fraud is not only blatantly insufficient, but it cannot possibly be corrected. The complete futility of this bare bones, conclusory "Breach of Contract – Fraud" claim warrants judgment in favor of FDE.

## III.   ELEVENTH AMENDMENT IMMUNITY BARS THE FDCPA AND THE FCRA CLAIMS.

In the instant case, Eleventh Amendment Immunity bars recovery on the Plaintiff's claims against the State of Florida's Department of Education. Absent its consent, a state may not be sued in federal court unless Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity by exercising its power with respect to rights protected by the Fourteenth Amendment. *DeKalb County School District v. Schrenko*, 109 F.3d 68, 688 (11th Cir. 1997) citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907 (1984).

In the case of *Sorrell v. Illinois Student Assistance Commission*, 314 F.Supp.2d 813 (U.S. Dist. Court, C.D. Illinois (2004), a student loan debtor brought a *pro se* action for violation of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA) against the Illinois Student Assistance Commission, a state

agency which served as a collection agency for payment of its student loans.  The State's agency moved to dismiss on grounds that Congress has not unequivocally expressed its intent to abrogate the State's sovereign immunity under the FDCPA or the FCRA. Because the Defendant was a State agency regulated by State statute, the Plaintiff's claims were against the State and are barred by the Eleventh Amendment.  The Court noted an Arizona appellate opinion (unpublished) which held that a plaintiff's FDCPA claims were barred by the Eleventh Amendment (*Codar, Inc. v. State of Arizona*, 168 F.3d 498, 1999 WL 50904 (9th Cir. 1999).  The appellate court determined that Arizona had not waived its immunity, and the FDCPA did not abrogate the State's immunity, so the Eleventh Amendment barred the complaint.  Thus, the Court in *Sorrell* held as a matter of law that the Plaintiff's claims pursuant to the FDCPA are barred by the Eleventh Amendment, and they were dismissed.  The Court in *Gillert v. U.S. Department of Education*, 2010 WL 3582945, at *4 (W.D. Ark. Sept. 7, 2010) confirms that FCRA contains no effective waiver of sovereign immunity.

As for the FCRA claims, the Court in *Sorrell* held them to be barred by the Eleventh Amendment as well and dismissed them following a different analysis.  The opinion set forth the language at that time in 15 U.S.C. §1681s(a)(2)(A) of the FCRA, stating "[T]he Commission may commence a civil action to recover a civil penalty in a district court of the United States against any person that violates this subchapter."  The word "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.  15 U.S.C. §1681(b).

The definition of "person has not changed.  15 U.S.C. 1681a(b).  The Court decided that even if the definition of "person" arguably could encompass a State pursuant to this statute, such an inference is not an unequivocal expression of Congress's intent to abrogate the State's sovereign immunity (*Sorrell*, at 817; see also *Gillert*).  The Court noted an unreported case in New York which held that because Congress enacted the FCRA pursuant to its Commerce Clause power – instead of its power under section 5 of the Fourteenth Amendment – it lacked the authority to abrogate a State's sovereign immunity through that statute ( *O'Diah v. New York City*, 2002 WL 1941179, at 6 (S.D.N.Y. 2002) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 59 (1996)(Congress's intent to abrogate must be obvious based on clear legislative statement).  See also *Richmond v. TRW Info Services Div.,* 1997 WL 1037886, at 4 (S.D.Cal.1997) (dismissing the plaintiff's FCRA claims because there was no indication that California waived or Congress abrogated the State's immunity).  The Court followed the same rationale and held that Plaintiff Sorrell's claims pursuant to the FCRA are barred by the Eleventh Amendment.

Eleventh Amendment immunity confers immunity from suit, not just from liability. In the instant case, the Plaintiff cannot demonstrate any waiver by Congress or the State of Florida of its Eleventh Amendment immunity.  The Florida Department of Education has not waived its immunity from suit under the Eleventh Amendment.  Florida Statutes §768.28(18).    Neither  the  FDCPA  nor  the  FCRA  abrogate  Florida's  immunity.

Accordingly, Plaintiff's claims brought against the Defendant Department are barred by Eleventh Amendment immunity and dismissal is appropriate.

## CONCLUSION

FDE is entitled to judgment on the pleadings as a matter of law, even accepting the pleaded facts in the Complaint as true.  As argued herein, Plaintiff's FCRA claim fails because they are undermined by the exhibits to the Complaint, and because she has not and cannot allege key elements of that claim. Plaintiff's FDCPA claim fails because FDE is simply not a debt collector subject to the FDCPA, and even if it was, it is exempt from the FDCPA pursuant to the fiduciary exception. Finally, Plaintiff's TCPA fails because any calls made by ECMC in 2017 fall squarely within the government debt exception to that statute. Plaintiff's Fraud claim completely fails due to insufficient pleading and the futility of the claim.  Finally, the FDE is immune from suit and the Complaint is barred by operation of Eleventh Amendment Immunity.  For the foregoing reasons, judgment on the pleadings should be entered for FDE.


Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL


**/s/ M. Rives**
Marie T. Rives
Florida Bar #0441937

23

Senior Assistant Attorney General
Office of the Attorney General
501 East Kennedy Boulevard, Suite 1100
Tampa, FL   33602-5237
T - 813 / 233-2880
F - 813 / 233-2886
Marie.rives@myfloridalegal.com

**<u>CERTIFICATE OF SERVICE.</u>**

I HEREBY CERTIFY that on March 16, 2020, I electronically filed the foregoing with the Clerk of the Court, by using the CM/ECF system. I further certify that I mailed the foregoing document and notice of electronic filing by U.S. mail to the following non-CM/ECF participant:  Sandra K. Dressler,  3823 SE 11th Place, Unit 1, Cape Coral, Fl. 33904 and at knowwits@earthlink.net.

**/s/ M. Rives**
Marie T. Rives
Senior Assistant Attorney General

Attachments: Exhibit 1: adopted and
incorporated from ECMC's Motion(Doc. 141).
See Footnote 3.