UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

    Plaintiff,

v.                                      Case No.: 2:18-cv-311-JES-MRM

U.S. DEPARTMENT OF
EDUCATION, BETSY DEVOS,
FLORIDA DEPARTMENT OF
EDUCATION, NAVIENT
CORPORATION, NAVIENT
SOLUTIONS, INC., EDUCATION
CREDIT MANAGEMENT
CORPORATION, PIONEER
CREDIT RECOVERY, INC. and
NAVIENT SOLUTIONS, LLC,

    Defendants.
_____/

## **ORDER GOVERNING PRELIMINARY PRETRIAL CONFERENCE**

By separate notice, the Court scheduled a Preliminary Pretrial Conference and, if the parties had not already done so, imposed a date certain by which the parties must file an appropriate Case Management Report on an approved form. (*See* Doc. 153).

In connection with the Case Management Report and the Preliminary Pretrial Conference, the Court **ORDERS** the following:

    1.    **Sanctions for Failing to Comply:** Counsel of record and any pro se litigant appearing in the case must comply fully with the requirements and deadlines set forth in the hearing notice (*see* Doc. 153), the Civil Action Order, and this Order.

Any failure to comply —including but not limited to any failure to file a Case Management Report by the deadline specified in the notice or any failure by counsel or by a pro se litigant to appear as directed for the Preliminary Pretrial Conference— may result in the imposition of sanctions under Fed. R. Civ. P. 16(f) or other relevant authority.  Unless the Court cancels or reschedules the Preliminary Pretrial Conference in writing and on the docket, the parties should assume that the hearing will occur on the date and at the time specified in the notice.

2. **Counsel of Record:**  An attorney appearing on behalf of a party at the hearing must be admitted to practice before this Court and must have filed a general appearance of record before the Preliminary Pretrial Conference.  *See* M.D. Fla. Rs. 2.01 – 2.02.  The Court does not permit limited appearances by counsel.  *See* M.D. Fla. R. 2.02.

3. **Lead Counsel Not Required:**  To afford less-experienced attorneys meaningful in-court experience and exposure to federal case-management procedures, the Court encourages lead counsel of record to send an associate or a junior partner to appear at the Preliminary Pretrial Conference so long as the associate or junior partner is admitted to practice before this Court and has filed a general appearance as co-counsel of record.  Any attorney appearing at the Preliminary Pretrial Conference on behalf of a party must have—and will be deemed by the Court to have—full and complete authority to resolve any case-management, discovery, or other issues that may be raised during the hearing *and to discuss settlement*.

4. **In-Person Appearance Preferred:** Unless the hearing notice states otherwise, the Court requires counsel and pro se litigants to appear in person for the Preliminary Pretrial Conference. The Court strongly disfavors a request to appear by telephone or by video conference. Unless the hearing notice states otherwise, the Court will not permit telephonic or video-conference appearance in any case involving a pro se litigant. Any request by counsel to appear telephonically or by video conference must be made by filing an appropriate written motion requesting such relief *at least 3 business days before the hearing*. Any such motion filed less than 3 business days before the hearing will be summarily denied as untimely. If telephonic or video-conference appearance is timely requested and permitted, then *all* counsel participating in the Preliminary Pretrial Conference will be required to appear telephonically or by video conference, as appropriate. In other words, if any counsel appears by telephone or video conference, then all other counsel of record must also appear by telephone or video conference, as appropriate.

5. **A Corporation Must Have Counsel:** A corporation may appear and be heard only through counsel admitted to practice before the Court. *See* M.D. Fla. R. 2.02(b)(2).

6. **Case Management Report Form:** When preparing the required Case Management Report, the parties must use a current form published on the presiding United States District Judge's [judicial preferences page](#) on [the Court's public website](#)

that is suitable to the case, given the nature of the claims and defenses. Failure to do so may cause the Court to strike the non-compliant filing.

7. **Consent Form:** If the parties unanimously consent to proceed before a United States Magistrate Judge for all proceedings, they must file a fully executed [Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (Form AO 85)](#) before the Preliminary Pretrial Conference.

8. **Related Case Notice:** Unless already done, no later than 3 business days before the Preliminary Pretrial Conference, the parties must either jointly or separately file a Notice of a Related Action on the approved form. The form is available for download on the presiding United States District Judge's [judicial preferences page](#) on [the Court's public website](#). This form must be completed and filed with the Court before the Preliminary Pretrial Conference *even if no related action exists*.

9. **Corporate Disclosure Statement:** Unless already done, no later than 3 business days before the Preliminary Pretrial Conference, each party must file a Rule 7.1 and Local Rule 3.03 Disclosure Statement on the approved form. The form is available for download on the presiding United States District Judge's [judicial preferences page](#) on [the Court's public website](#).

10. **Estimated Trial Term:** Based on the Court's trial calendar and other case management considerations, the parties should assume for the purpose of selecting a trial term in the Case Management Report that this case will proceed to

trial no sooner than 22 months from the date the case was commenced in, removed to, or transferred to this Court unless the case was previously subject to a Fast-Track Scheduling Order.  If the case was previously subject to a Fast-Track Scheduling Order, then the parties should assume that the case will proceed to trial no sooner than 13 months from the date the first defendant appeared.  When selecting a proposed trial term and associated Final Pretrial Conference date and time in the Case Management Report, the parties should use the dates and times specified in the [presiding United States District Judge's trial calendar](#) as published on [the Court's public website](#).

      11.    **Mediator Selection:**  The parties must select a mediator certified by this Court and must identify the selected mediator by name in the Case Management Report.

      12.    **Length of Hearing:**  Although the length of the Preliminary Pretrial Conference will depend on the complexity of the case and the scope of the matters to be discussed, the Court has reserved approximately 30 minutes for the hearing.

      13.    **Audio Recording of Hearing:**  The Court will make an audio recording of the Preliminary Pretrial Conference that can be made available to the parties for later transcription.  No participant may separately record or transcribe the proceeding.  No participant may engage an independent court reporter to transcribe the proceeding without first obtaining permission from the Court.

14. **Early Document Requests:** The parties are permitted and urged to serve early requests for production of documents under Fed. R. Civ. P. 26(d)(2) to facilitate their discovery-related discussions and negotiations during the Case Management Conference and the Preliminary Pretrial Conference in this case.

15. **Discovery of Electronically Stored Information:** If a party anticipates the need to request or to produce a significant volume of electronically stored information in discovery, the parties must include *detailed* information about these matters in their Case Management Report filed before the Preliminary Pretrial Conference. In such cases, the Court expects that the parties will thoroughly address the matters enumerated in Fed. R. Civ. P. 26(f)(3)(B)-(F). In particular, the Case Management Report should identify and explain any areas of disagreement between or among the parties about the discovery of electronically stored information, including but not limited to: relevance; accessibility; proportionality; need for third-party discovery; preservation obligations; issuance of appropriate, written litigation holds; identification of custodians or repositories of potentially relevant electronically stored information; collection methods; processing and data-reduction methods; search methods; sampling methods, if appropriate; review methods; production formats; delivery methods; privilege logging and redaction obligations; and confidentiality designations. If the parties have agreed to a specific written protocol concerning discovery of electronically stored information, they must file the protocol with the Case Management Report.

16. **More Information:** Along with reviewing the matters enumerated in Fed. Rs. Civ. P. 16 and 26(f), and M.D. Fla. R. 3.02, the Undersigned encourages the parties to review the Undersigned's judicial preferences page and forms on the Court's public website (https://www.flmd.uscourts.gov/judges/mac-mccoy) and, in particular, the section relating to Civil Case Management before the hearing. The parties should also carefully review the presiding United States District Judge's [judicial preferences page](#) on [the Court's public website](#).

**DONE AND ORDERED** in Fort Myers, Florida on March 22, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties