UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA K. DRESSLER,

       Plaintiff,

v.                        Case No:  2:18-cv-311-JES-MRM

FLORIDA DEPARTMENT OF
EDUCATION, EDUCATION CREDIT
MANAGEMENT CORPORATION,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant Education Credit Management Corporation's Dispositive Motion for Judgment on the Pleadings (Doc. #141) filed on February 11, 2021. Plaintiff filed an Opposition to Defendant ECMC's Rule 12(c) Motion for Judgment on the Pleadings (Doc. #143) on February 19, 2021. Also before the Court is defendant Florida Department of Education's Dispositive Motion for Judgment on the Pleadings (Doc. #151) filed on March 16, 2021, and plaintiff's Opposition (Doc. #156) filed on March 22, 2021.  Both defendants assert that various affirmative defenses require judgment in their favor.

### I.   STANDARD OF REVIEW

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R.

Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. [ ] We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, 965 (11th Cir. 2014) (internal citation omitted). See also Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (same). The pleadings considered by the court on a motion for judgment on the pleadings include the complaint, answer, and exhibits thereto. Grossman v. NationsBank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).

## II.  THIRD AMENDED COMPLAINT

The Third Amended Complaint is the operative pleading and alleges violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and Telephone Consumer Protection Act ("TCPA"). The Florida Department of Education (Florida DOE) and the Education Credit Management Corporation (ECM) are the two remaining defendants, and Counts 2, 3, 4, 7, 8, and 9 are the remaining claims. As the Eleventh Circuit previously summarized:

> The complaint alleges that in July and August,
> 2017, Dressler sent the U.S. DOE, the Florida

DOE, Navient Corporation, Equifax, and Education Credit Management each a notice of dispute demanding validation of alleged debts. On February 28, 2018, after receiving a "Tax Delinquent Notice" from Pioneer, Dressler sent a notice of dispute demanding validation of her alleged debt to the Internal Revenue Service ("IRS"). She alleges that these defendants did not respond to her letters disputing the alleged debt and failed to provide notice of the dispute to credit reporting agencies. Dressler also alleges that, despite not being authorized to do so, Navient Corporation, the Florida DOE, and Education Credit Management called her cellular phone approximately 25 times between August 10 and September 12, 2017, using an automatic telephone dialing system and leaving recorded messages.

The third amended complaint alleges ten causes of action.[] Count 2 alleges that the U.S. DOE, Florida DOE, DeVos, Navient Corporation, Pioneer, and Education Credit Management violated the FCRA, 15 U.S.C. § 1681s-2(b), by failing to conduct a meaningful investigation of Dressler's disputed debts. Count 3 alleges that Pioneer, Education Credit Management, and Navient Corporation violated the FDCPA, 15 U.S.C. § 1692e(8), by failing to communicate to credit reporting agencies that Dressler's debts were disputed. Count 4 alleges that Navient Corporation, the Florida DOE, and Education Credit Management violated the FDCPA, 15 U.S.C. § 1692d(5), by calling Dressler's telephone more than 25 times with the intent to annoy, harass, or abuse her. . . . Count 7 alleges that Navient Corporation, the Florida DOE, and Education Credit Management violated the TCPA, 47 U.S.C. § 227(b)(3), by calling Dressler on her cellular phone without her permission. Count 8 alleges that Navient Corporation, the Florida DOE, and Education Credit Management violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automated telephone dialing system to call

> Dressler. Count 9 alleges that the U.S. DOE,
> DeVos, and the Florida DOE fraudulently
> attempted to collect debts for which they were
> not creditors.

Dressler v. Equifax, Inc., 805 F. App'x 968, 970-71 (11th Cir. 2020) (internal footnotes omitted).  ECM raises 23 affirmative defenses, and Florida DOE raises 16 affirmative defenses.

### III. ECM MOTION FOR JUDGMENT ON PLEADINGS

ECM seeks a judgment on the pleadings based on the following affirmative defenses: (1) The Third Amended Complaint fails to state a claim (First); (2) The FDCPA does not apply to ECM (Fourth); (3) ECM is a student loan guaranty agency with a fiduciary duty to the United States Department of Education and therefore ECM is not subject to the FDCPA (Fifth); (4) ECM is not a "debt collector" within the meaning of the FDCPA (Sixth); (5) ECM is a student loan guaranty agency with a fiduciary duty to the United States Department of Education and any calls made for collection are exempt from the TCPA (Seventh); and (6) Plaintiff's claims are barred to the extent that no private cause of action exists under the FCRA (Eighth).

### A. Count 2 (First and Eighth Affirmative Defenses)

In Count 2, plaintiff alleges that defendants failed to conduct a meaningful investigation of an alleged debt when requested to do so by a consumer.  (Doc. #88, ¶ 48.)  ECM argues that plaintiff fails to state claim because no factual allegations

4

are presented to demonstrate that the information was inaccurate or incomplete, or that a reasonable investigation would have uncovered the inaccuracy or incomplete information.  Defendant argues that plaintiff's own exhibits contradict and refute her FCRA claim.  (Doc. #141, pp. 8-12.)

Taking the allegations as true, ECM is alleged to be a furnisher of information to consumer reporting agencies.  (Doc. #88, ¶ 7.)  Defendant allegedly reported derogatory and inaccurate information, plaintiff has disputed the accuracy of the information reported by defendant, defendant has not properly responded by providing evidence of the alleged debt, and defendant has not provided notice of the disputed matter to the credit reporting agencies.  (Id., ¶¶ 20-23.)  Plaintiff alleges that ECM failed to report the results of their investigation findings to the consumer reporting agencies that the information was incomplete or inaccurate.  (Id., ¶¶ 32-33.)  Plaintiff alleges that defendants violated the statute by not conducting a meaningful investigation, or any investigation at all.  (Id., ¶ 56.)

By letter dated August 28, 2017, plaintiff wrote to Equifax information Services LLC requesting that the "derogatory status" on her credit report be corrected.  (Doc. #92-2, Exh. B, p. 7.) By response dated September 21, 2017, Equifax reported the results of her dispute and the results of the reinvestigation as to ECM as

follows: "This creditor has verified to OUR company that the current status is being reported correctly. This creditor has verified to OUR company that the prior paying history is being reported correctly." (Doc. #92-7, Exh. G, p. 4.)

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. . . ." 15 U.S.C. § 1681(b). Although the FCRA explicitly bars private suits for violations of the provision that prohibits furnishers of credit information from providing false information, the provision requiring "furnishers of credit information to investigate the accuracy of information upon receiving notice of a dispute" can be enforced through a private right of action, "if the furnisher received notice of the consumer's dispute from a consumer reporting agency." Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (citation omitted). There must be a willful or negligent violation. Campbell v. Equifax Info. Servs., LLC, No. 4:18-CV-53, 2019 WL 1332375, at *4 (S.D. Ga. Mar. 25, 2019).

> To establish a prima facie violation of the FCRA, a consumer must present evidence tending to show that a credit reporting agency prepared a report containing "inaccurate"

> information. Cahlin v. General Motors
> Acceptance Corp., 936 F.2d 1151, 1156 (11th
> Cir. 1991). If the plaintiff fails to satisfy
> this initial burden, he "as a matter of law,
> has not established a violation" of the FRCA.
> Id.

Batterman v. BR Carroll Glenridge, LLC, 829 F. App'x 478, 481 (11th Cir. 2020). "A person[1] shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The duties of "furnishers of information upon notice of dispute" include investigation of disputed information and to report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1).

"When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial." Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1303 (11th Cir. 2016).

---

[1] "The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

In this case, plaintiff met the initial burden to assert that the information was inaccurate. As the Court has no information as to what was done to verify the accuracy of the information, the motion must be denied because the allegations are sufficient to state a claim. See Hernandez v. Equifax Info. Servs., LLC, No. 1:19-CV-01366-AT-JCF, 2019 WL 11343464, at *9 (N.D. Ga. Oct. 11, 2019), report and recommendation adopted, No. 1:19-CV-1366-AT, 2019 WL 11343555 (N.D. Ga. Nov. 20, 2019) (courts disagree as to what, if any, specific facts are required).

### B. Counts 3 and 4 (First, Fourth, Fifth, and Sixth Affirmative Defenses)

In Count 3, plaintiff alleges that defendant failed to validate the alleged debt, and that ECM failed to communicate that a disputed debt was disputed by not reporting it to the credit reporting agencies. Plaintiff disputes the accuracy of the debt as valid, free from any claims and defects, whether the alleged account was transferred, and that the original lender provided value by sourcing the funds from creditor's account. (Doc. #88, p. 18.) In Count 4, plaintiff alleges that ECM engaged in a pattern of conduct designed to harass and abuse plaintiff by causing her phone to ring excessively. (Id., p. 19.) ECM argues

that it is not subject to the FDCPA, which only applies to debt collectors, because it is a "guaranty agency".

A "debt collector" who fails to comply with the FDCPA, is liable for any actual damages sustained, and such additional damages the Court may allow, not exceeding $1,000. 15 U.S.C. § 1692k(a). Defendant specifically disputes being a "debt collector" based on the attached Promissory Notes[2] reflecting a student loan under the Federal Family Education Loan Program (FFELP) subject to the Higher Education Act of 1965 (HEA). (Doc. #141, p. 13; Doc. #141-1, Exh 1.) No information is provided in the box: "Guarantor, Program, or Lender Identification." The lender is identified as EDAMERICA on one Note (2007) and 5/3 Bank on the other Note (2008). On November 30, 2012, a Stamp indicates "For value received, we assign and transfer to Wells Fargo ELT Educational SVCS.A. all right tile and interest in and to the within note, with out recourse, and we further hereby disclaim all warranties expressed or implied. Educational Credit Management

---

[2] The Promissory Notes are referenced in the Third Amended Complaint (Doc. #88, p. 8), and therefore may be considered here. "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). In this case, the authenticity is not challenged.

Corporation." (Doc. #141-1, p. 18.) Dated November 2013, a Stamp indicates "Authority Claims and Cures Section Georgia Student Finance Authority." (Id., p. 17.)

"Because a defendant's status as a "debt collector" is an element of a plaintiff's claim under the Act, it was [plaintiff's] burden to allege facts plausibly establishing that the Agency qualifies as a debt collector." Darrisaw v. Pennsylvania Higher Educ. Assistance Agency, 949 F.3d 1302, 1308 (11th Cir. 2020) (citing Reese v. Ellis, Painter, Ratterree & Adams LLP, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012)).

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> **(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

10

**(B)** any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

**(C)** any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

**(D)** any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

**(E)** any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

**(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6). "The HEA authorizes the Secretary of Education to promulgate regulations to carry out the purposes of these programs, and these regulations apply to third-party debt collectors . . . that attempt to collect loans on behalf of lenders

and guaranty agencies." <u>Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1122 (11th Cir. 2004).   "Thus, the "specific requirements of HEA regulations take preference over any general inconsistencies with the FDCPA." <u>Bennett v. Premiere Credit of N. Am., LLC</u>, No. 4:11-CV-124, 2012 WL 1605108, at *3 (S.D. Ga. May 8, 2012) (quoting <u>Pelfrey v. Educ. Credit Mgmt. Corp.</u>, 71 F. Supp. 2d 1161, 1180 (N.D. Ala. 1999), <u>aff'd</u>, 504 F. App'x 872 (11th Cir. 2013).   A guaranty agency is a "State or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the Act."   34 C.F.R. § 682.200.

Defendant ECM has been found to be a guaranty agency by the Eleventh Circuit, and numerous sister circuits.   <u>Bennett v. Premiere Credit of N. Am., LLC</u>, 504 F. App'x 872, 877 (11th Cir. 2013).

> In its role as a FFELP[3] guaranty agency, Defendant ECMC is authorized, in fact required, to exercise due diligence in seeking to collect from a borrower on a defaulted student loan utilizing the prescribed means and is likewise required to report a defaulted student loan to CRAs. <u>See</u> 34 C.F.R. §§ 682.410(b)(6)(ii)-(vii); and <u>see</u> <u>Pelfrey [v. Educ. Credit Mgmt. Corp.</u>, 71 F. Supp. 2d 1161, 1168-80 (N.D. Ala. 1999), <u>aff'd</u>, <u>Pelfrey v.</u>

---

[3] The collection of plaintiff's student loan debt is mandated by the Federal Family Education Loan Program (FFELP), established with the Higher Education Act of 1965 (HEA). <u>Fisher</u>, 2017 WL 3276395, at *5.

Educ. Credit Mgmt. Corp., 208 F.3d 945 (11th Cir. 2000)]. A guaranty agency's sole concern is the defaulted student loan that it is tasked with recovering on behalf of the Department of Education and is not tasked with analyzing a debtor's credit worthiness or other CRA functions.

Fisher v. Educ. Credit Mgmt. Corp., LLC, No. 1:16-CV-2724-TWT-JFK, 2017 WL 3276395, at *8 (N.D. Ga. July 5, 2017), report and recommendation adopted, No. 1:16-CV-2724-TWT, 2017 WL 3269195 (N.D. Ga. Aug. 1, 2017). Case law establishes that ECM acts as a guaranty agency and therefore this brings it outside the definition of a debt collector for purposes of Counts 3 and 4 under the Fair Debt Collection Practices Act (FDCPA). The motion will be granted as to these counts.

**C. Counts 7 and 8 (First and Seventh Affirmative Defenses)**

Under Count 7, plaintiff alleges a violation of the Telephone Consumer Protection Act (TCPA), which prohibits robocalls to cell phones. Plaintiff alleges that she never gave ECM permission to call her cellular telephone and the calls were not emergency in nature. Plaintiff alleges that there is no established business relationship with ECM. (Doc. #88, p. 21.) Under Count 8, plaintiff alleges a willful or knowing non-compliance with the TCPA by use of an automatic telephone dialing system to call her cellular telephone. (Id.)

A 2015 amendment to the TCPA allowed "robocalls" made to collect debts owed to or guaranteed by the federal government, including for student loans. As noted by ECM, last year this exception was determined to be unconstitutional and was severed from the remainder of the statute. Barr v. Am. Ass'n of Pol. Consultants, Inc, 140 S. Ct. 2335, 2353–54 (2020). ECM cites to a footnote that provides that "no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate." Id. at 2355 n.12. "In response, Justice Gorsuch argued that shielding 'only government-debt collection callers from past liability under an admittedly unconstitutional law would wind up endorsing the very same kind of content discrimination we say we are seeking to eliminate.' Id. at 2366 (Gorsuch, J., concurring in part and dissenting in part)." Moody v. Synchrony Bank, No. 5:20-CV-61 (MTT), 2021 WL 1153036, at *5 (M.D. Ga. Mar. 26, 2021). As to non-governmental debt collectors, most courts have determined that the Court possesses subject matter jurisdiction over the claims between 2015, when the amendment was added, and July 6, 2020, when the amendment was severed. Boisvert

v. Carnival Corp., No. 8:20-CV-2076-30SPF, 2021 WL 1329079, at *2
(M.D. Fla. Mar. 12, 2021) (collecting cases).

Although the retroactive effect of the severance of the 2015
Amendment is still an undecided issue with regard to non-government
debt, there is currently no question as to government debt, and
the loans were Federal Stafford Loans, 20 U.S.C. § 1071(c), being
collected for the Department of Education.  The motion will be
granted as to the claims under the TCPA because the calls at issue
fall within the applicable time period before Barr and are
government debt in the form of student loans.  See Doc. #88, ¶¶
26-28 ("From at least August 10, 2017 through at least September
12, 2017, Defendants" called plaintiff's telephone.)

### V. FLORIDA DOE MOTION FOR JUDGMENT ON PLEADINGS

In the Florida DOE's Defenses (Doc. #122), the First
Affirmative Defense is statutory duty and preemption with regard
to the FCRA (First); Florida DOE used reasonable procedures to
assure maximum accuracy in investigating the dispute alleged by
plaintiff (Fourth); the failure to state a claim (Fifth); failure
to state a claim for fraud (Sixth); frivolous claims to circumvent
student loan obligations (Seventh); exemption under the TCPA

(Eighth).  (Doc. #122, pp. 10-12.)  The Court will address Florida DOE's motion asserting these defenses.

### A. Count 2 (Fifth Affirmative Defense)

Florida DOE argues that the "mere fact that Plaintiff is unhappy about the results of defendant ECMC's investigation is not sufficient to support a claim against ECMC under the FCRA." (Doc. #151, p. 9.)  Florida DOE argues that plaintiff omitted the required factual allegations to state a claim under the FCRA, and without the supporting allegations, there is no violation of the FCRA.  (Id., p. 9.)  The Court agrees.  Unlike the claim against ECM, there are no facts alleged in the Third Amended Complaint or exhibits to reflect a specific dispute "furnished" to a credit reporting agency or ensuing investigation as to Florida DOE.  (Id., p. 10.)  The motion will be granted as to Count 2.

### B. Count 4 (First, Second, Fifth Affirmative Defenses)

In Count 4, plaintiff alleges that Florida DOE engaged in a pattern of conduct designed to harass and abuse plaintiff in violation of the FDCPA by engaging in repeated calls to plaintiff's phone in violation of 15 U.S.C. § 1692d(5).  (Doc. #88, p. 19.)  Defendant argues that it is a guaranty agency, and not a debt collector.  Defendant states that it is collecting its own debt as the current holder of the obligation, and therefore there is no genuine issue of fact that it "is incidental to a bona fide

16

fiduciary obligation or a bona fide escrow arrangement" under 15 U.S.C. § 1692a(6)(F). (Doc. #151, p. 14.) Plaintiff alleges that Florida DOE is an agency of the State of Florida. (Doc. #88, p. 4.) Defendant admits that it is a Department within the executive branch of Florida's state government and may be referred to as an agency of the State of Florida. (Doc. #122, p. 3.)

"Guaranty agencies[4] are either states or nonprofit organizations that agree with the Secretary to administer a loan-guarantee program under the Higher Education Act." <u>Darrisaw v. Pennsylvania Higher Educ. Assistance Agency</u>, 949 F.3d 1302, 1305 (11th Cir. 2020). The term "debt collector" does not include "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties", and it does not include any person collecting a debt incidental to a "bona fide fiduciary obligation". 15 U.S.C. § 1692a(6)(C) & (F). The Court notes that the State of Florida, Department of Education has been found to be a guaranty agency. <u>United States v. Hernandez</u>, No. 11-23355-CIV, 2012 WL 668378, at *2 (S.D. Fla. Feb. 29, 2012). "HEA regulations

---

[4] In support, Florida DOE argues that ECM has been held to be a guaranty agency, and that Florida DOE does not collect debts on behalf of third parties. (Doc. #151, pp. 12-13, 14.) The listed cases supporting a fiduciary relationship only pertain to ECM and not specifically Florida DOE. (<u>Id.</u>, p. 15.)

have expressly characterized the relationship between a guaranty agency and the DOE as a fiduciary relationship." Bennett v. Premiere Credit of N. Am., LLC, 504 F. App'x 872, 876 (11th Cir. 2013).

The Court finds that Florida DOE is a government agency falling outside the definition of a "debt collector" in Section 1692d.  The motion will be granted.

### C. Judicial Notice

Florida DOE has filed a Request for Judicial Notice (Doc. #157) requesting that the Court take notice of the docket sheet and filings made in plaintiff's bankruptcy filing.  Judicially noticed facts may be considered in conjunction with a motion for judgment on the pleadings. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).  "The court may judicially notice a fact that is not subject to reasonable dispute because it: **(1)** is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it 'bypasses the safeguards which are involved with the usual process of proving facts by competent evidence.'" In re Cole v. Patton, No. 6:19-CV-699-ORL-40, 2019 WL

3413525, at *1 (M.D. Fla. July 29, 2019) (quoting <u>Shahar v. Bowers</u>, 120 F.3d 211, 214 (11th Cir. 1997)).

Attached is an Assignment of Claim (Doc. #157-4, p. 1) dated January 23, 2009, from Sallie Mae Inc. as the authorized agent of Fifth Third to Florida Bureau of Student Financial Assistance at the Florida Department of Education.  Also attached is a Transfer of Claim Other Than for Security from Financial Services for America to Florida Department of Education that is not signed, and one from Fifth Third Bank to Florida Department of Education signed April 23, 2009.  (<u>Id.</u>, pp. 2-3, 18.)  Although the documents may have been filed in Bankruptcy Court, the documents are not such that the Court could readily determine their source, or accuracy. The motion will be denied.

### D. Eleventh Amendment Immunity (Third Affirmative Defense)

Florida DOE argues that Eleventh Amendment immunity bars recovery against the State of Florida's Department of Education under the FDCPA or the FCRA.  Florida DOE relies on a case stemming from the Central District of Illinois to support this position, <u>Sorrell v. Illinois Student Assistance Comm'n</u>, 314 F. Supp. 2d 813 (C.D. Ill. 2004).  (Doc. #151, p. 20.)

As noted, Florida DOE is an agency of the State of Florida and this is undisputed.

> The Eleventh Amendment protects a State from
> being sued in federal court without the

> State's consent.  As a result, parties with
> claims against a non-consenting State must
> resort to the State's own courts.  The
> Eleventh Amendment is "a recognition that
> states, though part of a union, retain
> attributes of sovereignty, including immunity
> from being compelled to appear in the courts
> of another sovereign against their will."

Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (quoting

McClendon v. Georgia Dep't of Cmty. Health, 261 F.3d 1252, 1256

(11th Cir. 2001)).  As Florida DOE is a guaranty agency with a

fiduciary duty to collect on the student loan and exempt, the Court

need not reach the issue of whether Eleventh Amendment immunity

applies.

### E. Counts 7 and 8 (Fifth, Eighth Affirmative Defenses)

Both Counts 7 and 8 are brought under the Telephone Consumer

Protection Act.  Plaintiff alleges that she never gave permission

to call her cellular telephone, and that Florida DOE committed

more than 25 separate violations.  (Doc. #88, pp. 20-21.)  Florida

DOE argues that as a guaranty agency it has a fiduciary

relationship with the Department of Education, and "[a]s such, any

calls placed by [Florida DOE] to the Plaintiff were to collect

debts owed to or guaranteed by the government, and therefore, those

calls are exempt from the TCPA."  (Doc. #151, p. 18.)  However,

Florida DOE relies on evidence presented by ECM, without anything

to support Florida DOE's role as also exempt.

Assuming that Florida DOE is collecting a governmental debt based on its status as a government agency, Barr would prevent plaintiff with proceeding with the case.  However, without any evidence that Florida DOE was collecting debts owed to or guaranteed by the government, the motion cannot be granted.

### F. Count 9 (Fifth and Sixth Affirmative Defenses)

Plaintiff alleges that to be a creditor, one must be a holder in due course, and it is the value of the Promissory Notes that were used by the Florida DOE to fund the loans.  Plaintiff argues that she is the creditor since she is the one that put up the value.  Plaintiff argues there was a breach of an alleged contract by the failure to disclose the fact that it would not use its own money.  Plaintiff states that this is fraud.  (Doc. #88, pp. 21-22.)  All allegations are denied.  (Doc. #122, p. 9.)  Florida DOE argues that Count 9 fails because it alleges fraud and fails to comply with Rule 9(b) requiring specificity.

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." People's Tr. Ins. Co. v. Valentin, 305 So. 3d 324, 326 (Fla. 3d DCA 2020).  In a light most favorable to plaintiff, she alleges a breach of the Promissory Notes by Florida DOE's failing to disclose the fact that it would not use its own money to fund the loans.  Plaintiff

alleges that the breach "constitutes fraud" although it is not clearly a claim of fraud.

> If a fraud is perpetrated which induces someone to enter into a contract, there is a cause of action for fraud and the remedies attendant to that particular tort are available. If there is no fraud inducing someone to enter into a contract, but the contract is breached, the cause of action sounds in contract and contract remedies are available.

La Pesca Grande Charters, Inc. v. Moran, 704 So. 2d 710, 712 (Fla. 5th DCA 1998). To the extent that plaintiff intended Count 9 to be a claim for fraud, outside of the contract, this requires separate damages distinguishable from a breach of contract. Island Travel & Tours, Co. v. MYR Indep., Inc., 300 So. 3d 1236, 1240 n.7(Fla. 3d DCA 2020)

In any event, plaintiff does not allege any damages as part of the claim or stemming from the alleged breach or alleged fraud in the Count or in the Prayer for Damages (Doc. #88, ¶¶ 74-76, p. 26.). Therefore, she has failed to state a cause of action in Count 9.

Accordingly, it is now

**ORDERED:**

1. The Dispositive Motion for Judgment on the Pleadings By Defendant, Education Credit Management Corporation (Doc.

#141) is **GRANTED** as to Counts 3 and 4, and Counts 7 and 8, and **DENIED** as to Count 2.

2.   The Dispositive Motion for Judgment on the Pleadings By Defendant, Florida Department of Education (Doc. #151) is **GRANTED** as to Counts 2, 4, and 9, and **DENIED** as to Counts 7 and 8.

3.   Florida DOE's Request for Judicial Notice (Doc. #157) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of July 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record

23